## Stark Distillery Company v. Friedman.

(Decided November 29, 1912.)

### Appeal from McCracken Circuit Court.

1. Contracts—Employment for Definite Period—Sufficiency of Evidence.—In an action for damages for breach of contract of employment for a definite period, evidence examined and held sufficient to sustain the finding of the jury in favor of the plaintiff.

2. Contracts—Employment for Definite Period—Notice of Discharge —Abandonment.—A servant who quits the employment of his master after he is advised that his services are no longer desired, cannot be said to have abandoned the contract of employment.

3. Contracts—Employment for Definite Period—Burden of Proof.— Where plaintiff proves a contract of employment for a definite period and his discharge before the expiration of the contract, he makes out a prima facie case. It is then incumbent upon the employer to show that he was discharged for reasonable cause.

4. Contracts—Employment for Definite Period—Breach—Discharge for Cause—Withdrawal of Plea—Substitution of Plea of Abandonment by Plaintiff.—Where plaintiff sues for damages for breach of contract of employment for a definite period, and defendant

first pleads a discharge for cause, and then by amended answer withdraws this plea and substitutes therefor a plea of abandonment, it is not error to refuse to submit the question of discharge for cause to the jury.

EATON & BOYD for appellant.

BERRY & GRASSHAM for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, M. J. Friedman, charging that he was employed by the defendant, Stark Distillery Company, to work for it for a period of one year from September 26, 1911, at a salary of $90 per month and expenses, and that he was discharged on November 26, 1911, brought this action to recover balance of salary and expenses due, and damages for breach of the contract, amounting in all to $1,025.32. He charged in his amended petition that although he diligently tried to get other work, he had been unable to do so, that in the event he got other work, he would be able to earn only about $50 a month. The defendant filed an answer and counterclaim in two paragraphs. In the first paragraph it denied the allegations of the petition. In the second paragraph it pleaded that the employment of plaintiff was with the understanding that it was to continue at the pleasure of the parties; that plaintiff was to be paid for his services as traveling salesman a commission on his sales; that he was to be allowed, as advancement on his commissions, not to exceed $90 a month, and was also to be allowed his necessary traveling expenses, not to exceed $50 a week. At the time plaintiff ceased to work for defendant, he was overdrawn in the sum of $50.07. Defendant further pleaded that plaintiff's services were unsatisfactory, and that he refused to obey instructions given him by defendant, and that because of his unsatisfactory services, and his failure to follow instructions, defendant, on November 24, 1911, notified plaintiff that his services were no longer desired. Subsequently the defendant filed an amended answer, pleading that it notified plaintiff on November 22, 1911, that his services were no longer desired after the 26th day of November, 1911, and requested plaintiff to come to the office of the defendant at St. Louis and make settlement; that while plaintiff was still an employe of the defendant he vol-

untarily abandoned his duty as such employe on November 24, 1911, and came to Paducah, Kentucky; that plaintiff was not dismissed from the employment of defendant, but abandoned his employment.

Trial was had before a jury, which resulted in a verdict and judgment in favor of plaintiff in the sum of $200. The defendant appeals.

Plaintiff testified that under his contract he was to work for defendant for one year at a salary of $90 a month. On November 25th, he was notified by the defendant that his services would be no longer desired after that date, and requested to come to St. Louis on November 26th and make settlement. Instead of going to St. Louis he went to Paducah. Prior to the time of his employment, plaintiff received a letter stating: "We don't want you to be quitting all the time. We want a man to stay with us." Plaintiff says that he not only received this letter, but the president said to him substantially the same thing. Thereupon plaintiff stated: "Well, I will give you a positive guarantee to stay with you at least a year." He then went to work for defendant. Plaintiff also admitted that he had gone into business for himself, and that he would probably make from $60 to $75 a month.

For the defendant two witnesses, the president of the company and his secretary, say that plaintiff was to travel for defendant as a commission salesman, with the understanding that he was to be paid commissions equal to one-half of the gross profits. Defendant agreed to advance him $50 a week for expenses, and also to give him a drawing account of $90 a month against his commissions. They also say that plaintiff was to travel from day to day, and that no time was fixed as to how long he should travel. That it was understood that defendant had the privilege of discharging him at any time.

It is earnestly insisted that the finding of the jury is flagrantly against the evidence. The contention is made that plaintiff failed to state what occurred between him and defendant when the contract was made; that he testified to what his understanding of the contract was rather than to the facts showing what actually took place. An examination of the evidence for the defendant shows that it is very similar in character to that given by the plaintiff. Indeed, both sides seem to have testified as to what their understanding of the contract

was, rather than what actually took place at the time the contract was entered into. While the weight of the evidence is with the defendant, there being two witnesses and several circumstances tending to show that plaintiff was working on a commission basis, and that his employment was for no definite time, yet in view of the circumstance that defendant wrote plaintiff that it wanted a man who would stay with them, and the positive statement of plaintiff that he was to work for them for a year, we cannot say that the verdict of the jury is flagrantly against the evidence.

As the jury returned a verdict in plaintiff's favor for only $200, it is perfectly apparent that it took into consideration what plaintiff would probably earn during the remaining portion of the year for which he claims he was employed.

There can be no doubt of the fact that plaintiff was discharged. Defendant, on November 22, 1911, wrote plaintiff that his services would no longer be needed after December 26th. The letter also contained the following statement:

"This is formal notice to you to that effect, and you will accordingly arrange your route so as to arrive here on the 25th of November, at which time our relations will end."

Plaintiff also says that on November 25th, he received a telegram to the same effect. The fact that plaintiff quit defendant's service without going to St. Louis is immaterial. He quit because his services were no longer desired, and he had been advised to that effect. It cannot be said that a man voluntarily quits the employment of the master after he has been notified that his services are no longer desired.

The instructions are not erroneous in failing to submit to the jury the question whether or not plaintiff was discharged without cause. When plaintiff proved his employment for a year and his discharge, he made out a prima facie case. It was then incumbent upon the defendant to show that he was discharged for reasonable cause. The plea of discharge for cause, though made in the original answer, was afterwards withdrawn. In the amended answer, defendant pleaded that plaintiff was not dismissed from the employment of defendant, but abandoned said employment. Having withdrawn the plea of discharge for cause, and pleaded abandon-

ment of the contract by plaintiff, the issue of discharge for cause was eliminated from the case, and it was not, therefore, error to fail to submit this issue to the jury.

Judgment affirmed.