## Magowan, et al. v. Kentucky Utilities Company.

(Decided February 5, 1918.)

### Appeal from Montgomery Circuit Court.

1. Appeal and Error—Harmless Error—Instruction.—In an action for damages to land and crops resulting from the operation of a water pipe line through the land and from overflows from a standpipe, asserted in a counter-claim, an instruction limiting defendants' recovery, if any, to $2,000, the amount "named in the petition," instead of "counter-claim" is not prejudicial.

2. Appeal and Error—Harmless Error—Instruction.—In such action, an instruction directing the jury, if they find for defendants, to find "to what extent such damage is" if incorrect is harmless, as it referred to the damages then to be assessed and not to the injuries for which damages were claimed.

3. Appeal and Error—Harmless Error—Instruction.—The use in an instruction of conjunctive instead of disjunctive connectives in grouping items of injury for which damages may be awarded is not prejudicial, especially since such error, if any, was corrected by a later instruction wherein the disjunctive connectives were used.

4. Appeal and Error—Harmless Error—Instruction.—The inadvertent use of the word "defendants" where "plaintiffs" should have been used, in the only instruction presenting plaintiff's theory of the counter-claim is an error in favor of defendants, of which they may not complain.

ROBERT H. WINN for appellants.

HENRY R. PREWITT, GORDON & LAURENT and BERNARD FLEXNER for appellee.

Opinion of the Court by Judge Clarke—Affirming.

In 1901, the Mt. Sterling Water, Light & Ice Company acquired from James R. and Emma G. Magowan the right to lay its water pipes through their lands, from its stand-pipe to the city of Mt. Sterling, by a contract which obligated the company to furnish them, free of charge, 60,000 gallons of water a year, and required them to pay for any excess over that amount; and the company was to compensate the Magowans for any damage to their lands or crops from the operation of the line through the lands. The Kentucky Utilities Company, as the successor of the Mt. Sterling Water, Light & Ice Company, later acquired all the rights and assumed all the obligations arising from the contract with the Magowans.

This action was filed by the Kentucky Utilities Company against the Magowans to recover $775.83 for water alleged to have been furnished them, during four years, in excess of 60,000 gallons per year. The defendants denied that plaintiff furnished them in any year water in excess of 60,000 gallons; and by counter-claim asserted a claim against plaintiff for $2,000.00 for damages to their lands and crops, resulting from overflows from the stand-pipe and in the operation of the pipe line through their lands in the last five years. The affirmative allegations of the answer and counter-claim were traversed of record. Upon a trial before a jury a verdict was rendered in favor of plaintiff for the sum of $421.78, upon which judgment was entered; and the defendants' motion for a new trial having been overruled, they appeal.

The only error urged upon us as a ground for reversal is that the instructions, given by the court over the objection of the defendants, are prejudicially erroneous, in that the third instruction, authorizing a finding for the defendants on their counter-claim and its converse, the fifth instruction, are so confusing as to amount to a practical denial of defendant's right to recover thereon.

The third instruction is entirely in the conjunctive, which, according to appellant's contention, required the jury to believe that the water overflowed and cut gullies and washes and injured their crops and washed away the soil before any damage could be estimated; whereas, a recovery should have been allowed not only for all, but for any, of these injuries. By this instruction the jury was told to find what the extent of such damage "is," which appellants insist limited their recovery to such injuries to the lands as were visible to the jury when they

were taken to view the premises, and excluded a consideration of the proof of washes and gullies, which had been filled up by them before the trial, and of the destruction of crops during the five years prior to the institution of their action. By this same instruction, defendants' recovery was limited to the sum of $2,000.00, the amount "named in the petition," when, as a matter of fact, their claim was presented in their counter-claim and in nowise appeared in the petition.

This last error, we are sure, is wholly immaterial and could have had no influence on the jury, because defendants' recovery was properly limited to $2,000.00; the amount claimed by them, and the fact that the court inadvertently stated that this claim was manifested in the petition, rather than in the counter-claim, could not have had any weight with the jury, even if it could be presumed that they would have noticed this error, which is quite improbable.

Nor do we think there is any merit in the contention that the court erred in telling the jury that if they should find for the defendants for injuries to their lands and crops to find "to what extent such damage is," because they could not have failed to understand from this instruction that they were to find for the defendants for past as well as present injuries described in the evidence, which covered a period of five years. Nor are we sure that the present tense was not properly used, as it referred only to the damages to be then assessed and not to the injuries for which damages were to be assessed.

The other error, complained of in this instruction, that by the use of the conjunctive rather than the disjunctive, a recovery for part of the injuries was denied unless all were proven is, if true, more serious, because the defendants were entitled to recover not only for all but for any such injuries proven, but it is not entirely clear that the instruction denies a right to recover for any, unless all were proven, because by it the jury were instructed that if they believed from the evidence that the plaintiff allowed water to flow through the lands of the defendants, or either of them, "and cut through same gullies and washes and injured their crops growing upon said land and washed away the soil, to defendants' damage, you will find to what extent such damage is." The instruction to the jury to find for defendants to the extent of their damages from several causes, it seems to us, must have been understood by them to mean, as it

in fact means, that they might find not only for all such injuries, but for any part thereof, although this idea would no doubt have been better expressed by the use of the disjunctive rather than the conjunctive. But, even if we concede this was error, we think it was corrected by instruction No. 5, which is as follows:

"The court further instructs the jury that unless you believe that the plaintiff maintained its standpipe out there and allowed it to overflow through the lands of the defendants, or either of them, and injure their crops, or either of their crops, or lands, you will find for the defendant."

It will be noticed that this, as the converse of instruction No. 3, is correctly stated in the disjunctive.

Counsel for appellants insist, however, that, because the court in the last word of instruction No. 5 inadvertently used the word defendant, rather than the word plaintiff, this instruction was so confusing that, instead of helping to clear up any doubt about the meaning of instruction No. 3, it could only have added to the confusion of the jury. Had the jury been confused by the inadvertent use of the word, defendant, instead of plaintiff, this being the only instruction presenting plaintiff's theory on the counter-claim, they would have found for the defendant, even though they did not believe from the evidence that the defendants' lands or crops had been injured, because both the third and fifth instructions upon these questions authorized a finding only for the defendant. That plaintiff, rather than defendant, was meant is so apparent that we are unable to agree with counsel for defendants that what the court had in mind may readily be surmised by those having had legal training, but impossible of surmise by the average juror. But even if our conception of the intelligence of the jury is over generous and we ought rather to presume that they took the instruction literally, we then find ourselves in the position where the jury, upon both instructions referring to the damages set up in the counter-claim, were told to find for the defendants, and the error was in favor of the defendants, of which they may not complain.

Believing that the instructions, though inaccurately drawn, fairly presented the issues to the jury, or at least that no error therein was prejudicial to defendants' substantial rights, the judgment is affirmed.