## Watkins, Inc., v. Cochran.

Jan. 26, 1943.

Wheeler & Shelbourne for appellant.

Waller & Threlkeld for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment for $1,746.98 for breach of a contract of employment.

Watkins, Incorporated, operates a department store in Paducah, Kentucky. T. M. Watkins owns all of the stock of the corporation, except the directors' qualifying shares, and is president of the company. W. G. Cochran was employed by the company as general merchandise manager of its store for a term of one year ending December 1, 1940, at a salary of $5,000 a year. The contract was in writing. On April 19, 1940, Cochran was discharged by Watkins and on January 18, 1941, he brought an action against Watkins, Incorporated, to recover the balance of his salary less the amount he had been able to earn between the date of his discharge and December 1, 1940. He alleged that he was discharged without cause, and that he diligently sought other employment but was able to earn only $1,169.72 during the remainder of the period for which he had been employed. The defendant, in its answer, alleged that the plaintiff was incompetent, inefficient, and disloyal to his employer, and was discharged because of his incompetency, inefficiency, and disloyalty and his inability and unwillingness to perform the duties of general merchandise manager. The affirmative averments of the answer were denied in a reply, and a trial resulted in failure of the jury to agree. On the second trial a verdict in favor of the plaintiff, signed by nine of the jury, was returned, and the defendant appeals. It first insists that its motion for a peremptory instruction in its favor should have been sustained because the evidence is insufficient to support the verdict.

Appellee had been employed in general merchandise stores for more than twenty years in Illinois, Indiana, West Virginia, Pennsylvania, and Kentucky, usually in the capacity of general manager. He had managed both independent and chain stores, but during most of the time had been employed by chain stores. Appellant at-

tempted to show that appellee's experience as manager of chain stores had unfitted him for the management of an independent store such as appellant's, and that he insisted on adopting policies inconsistent with proper merchandising practices of independent stores. The principal criticism of his management is that he purchased types of merchandise which did not appeal to the customers of appellant's store. Mr. Watkins testified that appellee would not adapt himself to a conservative type of merchandise, and would not agree with Watkins on the policy to be followed. This is the chief ground relied on in support of the charge of disloyalty. Appellant introduced a number of its employees who testified that Cochran, while manager of the store, purchased merchandise which was not salable and that by his dictatorial manner he created dissension and dissatisfaction among the employees. Appellee introduced two former employees of appellant, one of whom was head of a department while he was general manager. Their testimony was in direct conflict with the testimony of the present employees. They testified, in substance, that he was a competent and efficient general manager; that he was considerate and courteous in his dealings with the employees and the public; was attentive to business; and that during his administration the stock of merchandise improved in quality and salability. One witness testified that appellee said in his presence in January, 1940, that he "had Mr. Watkins' name on the dotted line and meant to keep his nose to the grinding stone." Appellee denied making the statement prior to his discharge, but stated that he made it or a similar statement after his discharge. The evidence as to appellee's competency and efficiency was conflicting, and the evidence introduced by him was sufficient to take the case to the jury on this issue and to sustain its verdict. We find little, if any, evidence tending to show disloyalty to his employer. The evidence relied on to show disloyalty tends rather to show lack of tact and cooperation.

The principal ground relied on for reversal of the judgment is an alleged error in instruction No. 1, which reads:

"It appears from the evidence in this case that there was a written contract entered into between plaintiff, W. G. Cochran, and the defendant, Watkins Incorporated, under and by which the defend-

ant employed the plaintiff to work for it as its general merchandise manager for a period of one year beginning December 1, 1939 and ending December 1, 1940. It further appears that on the 19th day of April, 1940, and before the termination of the year referred to in the contract, the defendant, Watkins Incorporated, discharged plaintiff W. G. Cochran from its service.

"It was the duty of the plaintiff as general merchandise manager of the defendant, to perform his services in an efficient and competent manner, and to be loyal in his attitude toward the defendant.

"Now, if you shall believe from the evidence in this case, that the plaintiff, as general merchandise manager of the defendant, performed his services in an efficient and competent manner, and was loyal to the defendant in the discharge of his duties, then the defendant had no right to discharge the plaintiff, and the law is for the plaintiff and you will so find.

"If you believe from the evidence that the plaintiff was incompetent and inefficient in the discharge of his duties, and was disloyal to the defendant while in its employ, then the defendant had the right to discharge the plaintiff, and the law is for the defendant and you will so find."

Appellant complains because the last paragraph of the instruction required the jury to believe that the appellee was both incompetent and disloyal, whereas it should have told the jury that if they believed from the evidence that he was either incompetent or disloyal his discharge was justified. Both appellant and appellee used the disjunctive "or" instead of the conjunctive "and" in the instructions offered by them, and the use of the word "and" for the word "or" in the instructions given by the court was undoubtedly an inadvertence, but, when the instruction is read as a whole, we are convinced the jury could not have been misled by the mistake. In the second paragraph of the instruction the jury were told that it was the duty of the appellee to perform his services in an efficient and competent manner and to be loyal in his attitude toward appellant, and in the third paragraph they were told, in effect, that in order to find for appellee they must believe that he performed his services in an efficient and competent manner and was loyal to his employer in the discharge of his

duties. In other words, they were required to believe that he was both competent and loyal before they could find for him. Paragraph 3 is actually the converse of the last paragraph of the instruction of which complaint is made, and is correctly stated. A jury composed of men and women of average intelligence would not be confused by the inadvertent use of the word "and" instead of the word "or." The use of the conjunctive instead of the disjunctive word might, in some instances, be prejudicially erroneous, but, under the circumstances of the present case, we cannot so regard it. Chesapeake & O. R. Co. v. Shanks, 260 Ky. 416, 86 S. W. (2d) 128; Life & Casualty Co. of Tennessee v. Gream, 252 Ky. 801, 68 S. W. (2d) 402; Magowan v. Kentucky Utilities Co., 179 Ky. 114, 200 S. W. 367.

Appellant also complains because the court permitted an examination of appellee as to parol negotiations antedating the written contract sued on. Appellee testified that Watkins called on him in Evansville, Indiana, and that he later went to Paducah, Kentucky, and discussed the matter of his employment by Watkins, Incorporated, with Mr. Watkins at the latter's home. The written contract was entered into on the following day. The witness did not undertake to state the substance of the conversations between him and Mr. Watkins on these occasions, but merely fixed the time and place of each preliminary discussion. The evidence was immaterial, and, certainly was not prejudicial. Undoubtedly, an employee engaged for a definite term of employment may be discharged for a breach of an express or implied provision of the contract of service. Some of the reasons which will justify the discharge of an employee before the termination of the contract of employment are negligence, incompetency, inefficiency, dishonesty, and unfaithfulness to the employer's interests. Robertson v. Wolfe, 214 Ky. 244, 283 S. W. 428, 49 A. L. R. 469; 35 Am. Jur., Master and Servant, Sec. 82. The burden is on the employer to prove justification of the dismissal. Morris Shoe Co., v. Coleman, 187 Ky. 837, 221 S. W. 242; Stark Distillery Co. v. Friedman, 150 Ky. 820, 150 S. W. 981. Here the evidence on the issues made by the pleadings was in sharp conflict, the jury has passed on the questions submitted to them, and we find no ground for disturbing their verdict.

The judgment is affirmed.