By the Court,

Marvin, J.
It was insisted, on the argument, by the counsel for the plaintiff in error, that the action was barred by the revised statutes, (2 R. S. 296, § 22,) which provide that all actions against sheriffs upon any liability incurred by them by the doing any act in their official capacity, or by the omission of any official duty, except for escapes, shall be brought within three years after the cause of action shall have accrued, and not after that period, The statute of limitations was not pleaded in this case, and it is insisted that it was not necessary to plead it; that the defendant, being a sheriff, might avail himself of this defence under the plea of not guilty. The statute authorizes any public officer, when sued “ for or concerning any act done by such officer by virtue of his office,” to plead the general issue and give the special matter in evi *252 dence without notice. (2 R. S. 353, §§ 14, 15.) It has been decided that this statute is in terms confined to acts done by officers by virtue of their office, and that it does not extend to mere non-feasance — a mere neglect to perform an official duty. (Fairchild v. Case, 24 Wend. 385. Elliott v. Cranch, 13 Id. 37. Id. 266.) It becomes therefore material to inquire whether this was an action to recover damages for a neglect to perform an official duty, or to recover damages for an injury occasioned by some affirmative act done by the defendant, by virtue of his office. The declaration is full and specific, and assigned as the breach that the defendant, disregarding his duty, &c. did not take the said Patterson and Ross and safely keep them until, &c. according to the exigency of .the writ, but neglected and refused so to do, and therein made default, to wit, at, <fec. and falsely returned the said writ non est, meaning, &c. The gravamen in this declaration is the neglect of the sheriff to serve the process in accordance with his duty, and not the act of the return. If Patterson and Ross, and Parker their surety, have any legal right to complain by reason of damages sustained, it is on account of the sheriff’s neglecting to serve the capias, and thus give them notice of the commencement of the suit. According to the decision in Parker v. Patterson and others, (2 Hill, 601,) it was immaterial as to the defendants, what return the sheriff should make to the writ, as Patterson and Ross were bound to appear within twenty days after the return of the writ, whether it was served or not. The question, therefore, whether Patterson and Ross were in the county at the time the sheriff had the writ is not material. Under the declaration the plaintiff could undoubtedly give evidence of official neglect of duty ; and when two matters may be given in evidence under the same count, one requiring a defence to be pleaded, and the other not, the defendant must plead, or he will lose his right of defence as to the’former. (24 Wend. 383.) In any view of the case I am satisfied that the statute of limitations should have been pleaded, and that the defendant cannot avail himself of its provisions under the pleadings in this case.
Was the defendant liable in any form of action? Has the *253 plaintiff shown any legal right which has been violated by the defendant? Did the sheriff owe any duty to the plaintiff, the non-performance of which has occasioned a legal injury to him ? Patterson and Ross had interposed a plea of title in a justice’s court, and had given a bond with the plaintiff as their surety. By the condition of that bond Patterson and Ross were to appear in the court of common pleas and put in special bail, in twenty days after the return of process, in case the plaintiff in that suit should commence a suit against them within thirty days. This bond was in the form required by 2 R. S. 237. The supreme court, in Patterson v. Parker, (2 Hill, 600,) decided that P. and R. were bound to appear and put in bail according to the condition of the bond, in case a suit was commenced ; whether they had notice of the commencement of the suit or not. The court also decided that the delivery of the capias to the sheriff within the thirty days, with the bona fide intention of having it served, was a commencement of the suit. Patterson and Ross were then under obligation to appear if a suit was duly commenced, whether the process was served or not, and Parker as their surety had undertaken that they should appear. Their obligation was not dependent upon the service of the process. Their liability was fixed by the bond and the law. It is not necessary to say that it was not the duty of the sheriff to serve the writ, it was his duty; but if it was the duty of Patterson and Ross to appear and put in bail, without a service of the writ, is not the injury which they have sustained an injury arising from their own neglect? Can they hold the sheriff responsible for the damages which they may have sustained in consequence of neglecting to perform the condition of their own obligation ? A party in an action on the case for negligence cannot recover damages which have resulted from his own negligence and want of care. He must show himself in the right and the defendant in the wrong ; that he has performed his duties, and that the defendant has neglected his; and that the damages are the legitimate consequence of the negligence of the defendant. I do not see, upon legal principles, how Patterson and Ross could maintain a suit against the *254 sheriff in this case for neglecting to serve the process; and it appears to me that Parker has another difficulty to encounter. What relation or privity exists between him and the sheriff? He is the mere surety of Patterson and Ross, and they are bound to indemnify him. If there has been any legal damage, they, in contemplation of law, have sustained it. This case differs in principle from Hinman v. Borden, (10 Wend. 367.) There the plaintiff was special bail; a ca. sa. was issued against his principal, who was in the county, and the sheriff returned the writ falsely, non est inventus. This return fixed upon the bail a legal liability to pay the debt, and when, sued, the return of the officer was conclusive evidence against him. He thus became liable solely by reason of the false return of the sheriff. His undertaking was that his principal should remain in the county so that he might be taken on the ca. sa.; he did remain in the county, but the sheriff falsely returned otherwise. Neither the bail nor the principal had been guilty of any fault or negligence. In the present case the undertaking was that the principals should appear and put in bail, and they were bound to do so, without regard to the return of the sheriff. That had nothing to do with fixing the liability of the principal or surety.
The judgment of the common pleas must he reversed.