HARRIET SUNDERLAND v. NAOMI S. BELL.

NOTE AND MORTGAGE — *Consideration* — *Purchase of Bad Title.* A person who, being in possession of land under a lease, purchases the land from a third person, who claims title thereto, the land being in litigation between the lessor and the grantor, with knowledge of the purchaser, which is finally decided in favor of the lessor, receives no consideration for a note and mortgage given to secure a deferred payment on the deed, never having received or held possession under the deed.

*Motion for Rehearing.*

THE facts are stated in *Sunderland v. Bell,* ante, pp. 21, *et seq.,* and in the opinion herein, filed during the session of the court in July, 1888.

Opinion by SIMPSON, C.: The opinion filed in this case at the March sitting was largely based upon the fourth finding of fact made by the court below, which was:

" That immediately after the delivery of the deed aforesaid, the said defendant erected a house on said land, and went into the actual possession thereof, and has continuously ever since been, and now is, in the actual possession of said land."

On such a finding we held that the continuous possession had from the grantor was some consideration for the note sued upon, and affirmed the judgment below, which seemed to have been rendered on that theory.    But on the reargument, our attention is called to the fifth and sixth findings of fact made by the court below, which show that at the time of the delivery of the deed from Bell to Sunderland a suit was pending in the district court of Greenwood county between the plaintiff in this action and one Price, to determine their respective interests in the land in controversy and other lands, and of which the defendant herein had actual notice.    At the December term, 1885, of said district court, a decree was entered in said suit, in favor of Price, and this decree is made a part of the sixth finding in this case.

It is now claimed, (and this must be conceded,) that the

findings of fact in that action are a part of the decree, and hence become findings of fact in this case by adoption, and that among these findings is one to the effect that Price, the plaintiff in that action, had a contract with the Bells, by which he became the owner of three lots, and that under and by virtue of that contract he took exclusive control and possession of the three lots, and made valuable and lasting improvements thereon, fenced the same, plowed them, planted trees and shrubbery t     on, drilled a well upon the same, and has ever since been    he exclusive possession thereof, and controlled the same     also appears from the record of that case, that prior to th    ase by Harriet Sunderland of these lots from Naomi S. .    he had leased the same from Price, and was in possession at .    time of her purchase, by virtue of the lease from Price, and hence did not receive and hold possession, without ouster, on account of her deed from Mrs. Bell, but bought with full notice and actual knowledge of the rights of Price.   Mrs. Sunderland took nothing by the conveyance of Mrs. Bell.   She was already in possession under Price, and the court decreed him to be the owner, and found that Mrs. Bell had no interest whatever in these lots.   From this state of facts we are necessarily compelled to conclude that there was no consideration for the note sued upon, and that the judgment ought to be reversed.

It is recommended that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.