Glover v. Berridge.

F. L. GLOVER, *Appellant,* V. FRANK G. BERRIDGE *et al., Appellees.*

No. 17,249.

SYLLABUS BY THE COURT.

1. CONTRACT—*Without Consideration—Unenforceable.* A promise to pay a sum of money for property which the promisor already owned, and in which the promisee has no interest, is without consideration and unenforceable.

2. —— *Unenforceable—Estoppel—Defenses.* The fact that the promisor only stated one ground of refusal when payment was demanded will not estop him from setting up all the defenses he has when an action is brought against him on the promise.

Appeal from Nemaha district court.   Opinion filed March 9, 1912.   Affirmed.

*E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* for the appellant.

*Lee Monroe,* and *W. S. Roark,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by appellant to recover $1500 from appellees on a verbal agreement.

On June 1, 1907, a contract of sale was entered into between F. L. Glover, appellant, and appellee H. G. Berridge and Gertrude Berridge, wherein, for a con-

sideration of $8000, they agreed to convey a certain tract of land to appellant, possession of which was to be given March 1, 1908. Receipt of $4000 was acknowledged, and the balance of the principal, less a $1600 mortgage which appellant was to assume, was to be paid March 1, 1908. The payment of $4000 was made by giving appellee and his wife a stock of hardware and implements in the city of Goff. On July 20, 1907, shortly after the date of the contract, appellant, F. L. Glover, was adjudged a bankrupt under the federal bankruptcy act, and on February 27, 1908, it was determined in that proceeding that appellee and his wife were not *bona fide* purchasers for value of the stock of hardware and that the sale was invalid. They were ordered to deliver the stock to the trustee in bankruptcy for the benefit of the creditors of the estate, and this was done. The trustee was ordered to sell the stock, and at a sale made on February 28, 1908, it was sold to Herbert G. Berridge for the sum of $1500.

All the parties interested in the property, including the creditors, the trustee in bankruptcy, and the parties herein, made a settlement of matters in dispute and agreed to the sale. The trustee made a bill of sale transferring the stock of goods to Berridge and a release and transfer of all claims of the trustee, and of the creditors, as well as all interest which Glover might have in the stock and in the land which he contracted to purchase. Just prior to March 1, 1908, L. N. Simon agreed to give Glover property of the value of $1400 for his supposed interest in the contract to exchange the stock of goods for the land, and Frank G. Berridge, learning of the proposed sale to Simon, agreed to give Glover $1500 if he would not assign or transfer his interest to Simon. The offer was accepted, but Berridge did not pay the $1500 but claimed that his agreement was on the condition that such an allowance would be made by the bankruptcy court; but it was found that no such stipulation was in fact made.

Upon these facts the trial court found for the appellees, holding that there was no consideration for the agreement to pay $1500.

What did appellees get for their promise to pay $1500? It is elementary that a promise not supported by a valuable consideration is void. Appellant agreed to assign and transfer his interest in the stock of hardware and in the land purchase, whereas, both interests had been sold by the trustee in pursuance of the order of the court. The transfers were formally effected by a bill of sale and a trustee's deed executed by the trustee, and the claims of the creditors, as well as of the bankrupt, were expressly released. It appears that after the sale and transfer had been made by the trustee the assets of the estate were insufficient to pay in full the obligations of Glover. No attack is made on the validity of the adjudication of the bankruptcy court nor is there any claim that the sale and transfer by the trustee was ineffectual. Appellant, therefore, had nothing in the stock of hardware or land contract to assign to Simon, or to appellees, or to any one else, and appellees could gain nothing through an assignment by appellant to them. By the purchase of appellees at the trustee's sale they acquired the entire interest of appellant. As an assignment from appellant could carry nothing to appellees, their promise made in consideration of such assignment is void. (*Stone v. Young,* 4 Kan. 17; *Vickroy v. Pratt,* 7 Kan. 238; *National Bank v. Peck,* 8 Kan. 660; *Sunderland v. Bell,* 39 Kan. 663, 18 Pac. 817; *Price v. Bank,* 62 Kan. 743, 64 Pac. 639.)

It is finally contended that appellees are estopped to make the defense of no consideration because, when payment was demanded and refused, the only reason given by appellees for refusal was that their promise was given on condition that the bankruptcy court would allow the claim. As we have seen, there was no liability of appellees to appellant on the promise, and will the fact that they failed to state all the grounds of non-

liability, when payment was asked, preclude them from setting up all the defenses they have? The transaction between them had been concluded before they assigned the reason for refusing payment. The statement made by appellees did not induce appellant to change his attitude nor lead him to assume a disadvantageous position. An estoppel should not be applied unless the statement or action of the party has injuriously affected others. It appears that appellant lost nothing by the statement of appellees. He had nothing to assign or surrender and when appellees refused payment on any grounds he lost nothing. Even an acknowledgment of liability by a party who was not aware of his rights would not preclude him from setting up a defense when he learned that there was no liability on the claim. Probably appellees did not know all the defenses they had when the statement was made, and a mistake in the enumeration of defenses will hardly operate as an estoppel where there is no other claim of injury than that a suit was brought by appellant to enforce an agreement upon which there never was a liability. One who has no claim or cause of action against another can not be defrauded or injured by a denial of liability by the other on any ground, whether it be good or bad. A representation by one, even if false, does not work an estoppel unless the party asserting it has acted on the representation to his prejudice.

Reference is made to cases in which parties were not permitted to change attitudes or mend their holds, but these involved actual liabilities, and where the statement or refusal made by one party operated to the prejudice of another, or where the objection finally made, if it had been made earlier, might have been obviated. The principle of those cases does not apply here.

The judgment of the district court is affirmed.