No. 21,954.

H. PESSEMIER, *Appellant,* v. J. T. GENN, *Appellee.*

SYLLABUS BY THE COURT.

1. ORAL LAND CONTRACT—*Contract Void—Within Statute of Frauds.* An oral contract for the sale of land cannot be enforced though the recanting vendor's only excuse given to the vendee for his failure to comply therewith was that he desired to sell the land to another person and had sold it to the latter after his oral bargain with the vendee.

2. SAME—*No Estoppel to Plead Statute of Frauds.*   One who repudiates an oral contract for the sale of land is not estopped to invoke the statute of·frauds in an action for specific performance because he made no mention of his legal rights under that statute in giving his reasons to the vendee for refusing to comply with his contract.

Appeal from Wabaunsee district court; ROBERT C. HEIZER, judge.   Opinion filed February 8, 1919.   Affirmed.

*Maurice Murphy,* of St. Marys, *William Bowes,* of Alma, *A. E. Crane,* and *R. F. Hayden,* both of Topeka, for the appellant.

*E. M. Brunner,* of Wamego, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an action to enforce an oral contract. for the sale of land. The case comes up on defendant's demurrer to plaintiff's petition. The defendant agreed to sell the land to plaintiff for $45,000, and accepted a payment of $1,000 thereon, but thereafter refused to comply with his contract. Plaintiff's petition also alleges that defendant gave—

"As his sole and only reason for such refusal, that he wanted his tenant to have the place and that subsequent to the making of the aforesaid agreement with the said plaintiff, he had made an agreement with his said tenant for the sale of said premises to him."

The trial court sustained defendant's demurrer on the ground that the petition did not state a cause of action.

Plaintiff does not quarrel with the general doctrine that a parole contract for the sale of land is unenforceable under the statute of frauds, but urges that defendant's demurrer admits the truth of the allegations of his petition that the sole ground of defendant's refusal was his desire to sell the land to another and his subsequent sale to the latter. Now, plaintiff says that he cannot rely on the statute of frauds.

It is true that a demurrer admits the truth of all the facts well pleaded, but it does not follow that the demurrer goes no further. It challenges the legal effect of everything appearing in the petition.

It challenges the legal effect of the parole contract, as well as the legal effect of the alleged explanation given by defendant for his refusal to carry out the contract. There is no shifting of defenses, and plaintiff's. citations touching the legal consequences of such shifting are beside the mark. Defendant says in effect: "I demur, I raise the point that the contract was void; I raise the point that the contract being void I had a right to sell my land to another; I raise the point that it makes no difference what excuse I gave to the vendee for refusing to carry out my void contract; I raise the point that whether that excuse were true or false, or whether I did not give all the excuses I had, or whether I had no excuse, yet I am not bound; I raise

the point that no matter what I told the plaintiff, I was not then in court, and that *now* in court, at the first opportunity, I insist on all these points which are involved in my demurrer."

Such was the full scope of defendant's demurrer, and as nothing appeared on the face of the petition which took the case out of the statute of frauds (*Engelbrecht v. Herrington,* 103 Kan. 21, 172 Pac. 715), the demurrer was properly sustained. (*Glover v. Berridge,* 86 Kan. 611, syl. ¶ 2, 121 Pac. 1130.)

The judgment is affirmed.