## Morris Shoe Company v. Coleman.

(Decided May 4, 1920.)

### Appeal from McCracken Circuit Court.

1. Contracts—Construction.—The cardinal principle in the construction of a contract, is to so construe it so as to effectuate the intention of the parties.

2. Contracts—Intention of Parties.—When the terms of a contract are indefinite, uncertain or ambiguous, the subject matter, the purpose of its making, the situation of the parties and the surrounding circumstances may be considered, in arriving at the intention of the parties, and subsequent acts of the parties in the application of the contract may be looked to.

3. Contracts—Discharge of Employe—Damages—Burden of Proof. —Where an employe under a contract for a definite term of service is discharged by the employer, in a suit for damages for the wrongful discharge by the employe, the burden is upon the employer to allege and prove the incompetence of the employe, if he relies upon such defense as a justification for the discharge.

4. Contracts—Failure of Performance.—Where one party to a contract notifies the other that he will not perform his part of it, the other party, when suing upon it, is relieved from the necessity of showing a performance or tender of performance upon his part of conditions, which he would otherwise be required to perform of offer to do so.

5 Contracts—Discharge of Employe—Damages.—Where an employe under a contract for a definite period of service is wrongfully discharged, the damage to which he is entitled is the difference between the wages he would have received for the remainder of the term at the agreed wage, less the sum which he received for similar services or by the exercise of ordinary diligence would have received during the remainder of the term.

6. Contracts—Discharge of Employe.—Where an employe under a contract for a definite term is wrongfully discharged, and his

employer offers him employment, he should accept it, unless the acceptance would sacrifice his rights under the contract, from which he had been discharged.

MOCQUOT, BERRY & REED for appellant.

J. R. GROGAN and A. M. NICHOLS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellee, Coleman as plaintiff below, instituted this action against the appellant, Morris Shoe Company, to recover damages for an alleged breach of contract between them, whereby the defendant had employed the plaintiff to work for it as a salesman in its store at Paducah. Upon a trial by jury, a verdict was returned for the plaintiff and a judgment rendered in accordance therewith. The defendant's motion for a new trial having been overruled, it has appealed.

The terms of the contract relied upon by the plaintiff are embraced by a letter, which he had received from the defendant, and which proposed terms of employment, and which he had accepted. The plaintiff was at the time of the receipt of the letter a resident of the state of Alabama, and by the letter the defendant, in substance, proposed to him, that if he would remove to Paducah. and work for it, beginning on the 15th day of August, 1918, that it would guarantee to him a salary of $1,800.00, based upon 7% of the net sales and after the first year of service would arrange for him to take an interest in the company, and would let the profits of the business pay for the interest. The letter, further, stated, that, it would want him to act as assistant manager, and take control of the business when the manager was absent. The letter concluded with the assurance that after two years the plaintiff would "be on an easy road to make some real money." The plaintiff averred in his petition that the defendant, by a contract which was in writing, had employed him to work as a salesman for it for the period of one year from August 15th, 1918, and promised to pay him the sum of $1,800.00 per year, payable at $150.00 per month. He further averred that he accepted the contract and entered into the service of the defendant and continued in it until the first day of January, 1919, when the defendant broke and violated its contract by discharging him from its service, and refusing to further permit him to serve it, or to comply with his contract

with it. The writing was filed with the petition and as a part of it. The defendant by its answer denied that the writing constituted a contract by which the plaintiff was employed by the defendant for one year at a wage of $1,800.00 for the year, or for any length of time. The evidence, without contradiction, proved that the proposals contained in the letter were accepted by the plaintiff, and there is no fact nor inference to be drawn from any fact in evidence which tended to prove that plaintiff did not accept the terms of the letter, or that he entered upon the services of defendant under any contract, other than one containing the terms embraced by the letter when accepted; or that defendant accepted his services under any other contract. It was further shown, without dispute, that plaintiff, in accordance with the time fixed in the letter, began to work for defendant on the 15th day of August and continued until the first day of January, 1919, and for each month during the time, the defendant paid to him the sum of $150.00 for his services, which was in accordance with the rate of $1,800.00 for the year. The evidence showing without contradiction, that the letter contained the terms of the contract between the parties it devolved upon the court to determine and declare its meaning. Williams v. Hay, 10 R. 319, Dickerson v. Morgan, Sneed 312. The construction given by the court was that plaintiff had agreed to serve the defendant under the contract for one year, and hence the contract as construed, necessarily obligated the defendant to pay the plaintiff $1,800.00 for the services.

(a) It is contended by the defendant, that, the court erred in holding that the contract provided for the employment of the plaintiff for the duration of one year, but should have held that it was a contract terminable by the defendant, at its pleasure, and hence without liability for damages for terminating the employment. This contention is based upon the fact that the writing did not specifically provide that the employment was to continue for one year, and in fact did not provide for its continuance for any specific period and was terminable at the will of either party after reasonable notice of the purpose to do so. We cannot concur in this contention. The cardinal principle to be guided by in the construction of a contract is to construe it so as to carry out the intentions of the parties to it, and this must be done, although it may be found necessary to depart from its

strict letter to effectuate their intentions. Conn v. Lewis, 5 Litt. 66; Hildreth v. Forrest, 4 J. J. M. 217; Schultz v. Johnson, 5 B. M. 497; Hunter v. Miller, 6 B. M. 612. When the terms of a contract are indefinite or ambiguous the subject matter of the contract, the purpose in view in the making, the situation of the parties and the surrounding circumstances are pertinent matters for consideration in determining its terms. Marshall v. Piles, 3 B. 252; Montgomery v. Fireman Ins. Co., 16 B. M. 427; Crane v. Williamson, 111 Ky. 271. Subsequent acts of the parties in the application of the contract may be considered in determining their intentions when making it: Mason v. Cowan, 1 B. M. 9; L. T. P. Co. v. Shadburne, 1 Ky. L. R. 325. The day upon which the execution of the contract was to begin was definitely fixed. The wages to be paid was $1,800.00. At the end of the first year an arrangement was to be made by which the plaintiff was to become the owner of an interest in the business After two years the plaintiff would be upon an ''easy road to make some real money.'' The above expressions are contained in the writing. From these it may be fairly inferred that the parties intended that the duration of the time for the execution of the contract should continue for at least one year, if not for two. It is not consistent with common sense to suppose that the parties contemplated that, the plaintiff would remove his family from a distant state, at much expense, to enter upon a contract which he had no assurance would last but a week or month. When the parties commenced to execute the contract the defendant began to pay the $1,800.00 to be paid plaintiff in monthly installments of $150.00 which seems conclusive that it was intended by the parties that the employment should continue for one year at least. It has been held, that, where one is employed to do a service which requires constant labor, the presumption is that the employment is for a year. Smith v. Theobald, 86 Ky. 141. The defendant was not prejudiced by a construction of the contract, to the effect, that it provided employment for plaintiff for one year instead of two. Further the construction given by the court to the contract was contained in the instructions to the jury to which the defendant did not object and of which he cannot now be heard to complain.

(b) The appellant, defendant below, insists that the petition did not state a cause of action and hence that

its demurrer should have been sustained and the error of the court in overruling the demurrer is fatal to the judgment. The insufficiency of the petition is said to consist in the following defects:

(1) The failure to allege that plaintiff was not incompetent to perform the service for which he was employed.

(2) The failure to allege in the petition his ability and willingness to perform his part of the contract. Neither of the objections to the petition seems to have merit, at least after a verdict. Without passing upon the question whether it was necessary for the plaintiff to negative in his petition, his want of competency to perform the contract upon his part, it will suffice, that, he substantially did so, in that he averred that he was a trained and expert foot and shoe fitter, salesman and merchant, and from the time, he entered upon the execution of the contract, he rendered good service under it, and in all respects fully complied with it. These averments are not denied by the defendant in its answer. Neither does the defendant allege, in its answer, as a defense or otherwise, that the plaintiff was incompetent to perform his duties under the contract. The general rule applicable, where the incompetence of a servant is relied upon as a justification for discharging him from service, is thus stated in 18 R. C. L. 516: "The law will not assume that a servant has been derelict in duty from the fact, that his employer discharged him; and the burden rests with the employer in an action for damages for an alleged wrongful discharge to allege and prove disobedience, misconduct, incompetence, or any other justification of the dismissal." Hayworth v. Haldeman, 14 R. 202.

Touching the second alleged insufficiency of the petition, it is true, that when under a contract, the parties have covenanted to perform mutual, concurrent covenants, neither can maintain an action against the other for the failure of the other to perform his covenant, without the one suing has tendered performance of the covenant made by him, and must allege such tender to make his petition show a good cause of action. Soudly v. Burns, 10 Bush, 87; Hawley v. Mason, 9 Dana, 32; Turner v. Johnson, 7 Dana 437. It is, however, a principle applicable to all contracts, that if one party to a contract gives notice that he will not perform his part of it, such

a refusal is a breach of the contract, and relieves the other party, when suing upon the contract, of the necessity of alleging a performance or a readiness to perform conditions which he would otherwise be required to perform, or offer to do so.    Home Ins. Co. v. Gaddis, 3 R. 157.    The plaintiff alleged in the petition that he was engaged in performing his part of the contract, and had been so faithfully, since the 15th day of August, when on the first day of January, 1919, the defendant refused to permit him to further serve it under the contract, and notified him that it would refuse after that time to pay him the wage agreed upon between them for the unexpired portion of the year for which he was employed. Hence, the plaintiff was not required to tender performance of his part of the contract, for the remainder of the term, as such tender would have been useless and idle; nor was it necessary in suing for a breach of the contract for him to allege that he was ready or willing to continue the performance of the contract upon his part, when he alleged that the defendant had, without cause, discharged him and refused to longer permit him to work under the contract.

(c)    The only other complaint made by appellant is that the verdict is flagrantly against the evidence, in that the defense offered by it was, to the effect, that, on December 26th, it and plaintiff rescinded the contract existing between them theretofore, and agreed thereafter, that appellee should receive $125.00 per month, instead of $150.00, and that thereafter, on January 1st the plaintiff abandoned the contract by which he was to serve at $125.00 per month.    This was denied by appellee and the issue submitted to the jury.    While the manager of appellant was in part corroborated by the testimony of another witness, against that of the appellee, alone, there was no such difference between the weight of the evidence in favor of appellant, as to require a holding that the verdict was flagrantly against the evidence.    It is further urged that the appellant offered employment of the same kind, in which plaintiff was engaged for it, after the 1st day of January at $125.00 per month, and which he refused, and therefore he should have been limited in his recovery to the sum of $25.00 per month for the remainder of the year.    The appellant, however, made no objection to the instruction given by the court upon the measure of damages.    It may be conceded, that

an employe, under a contract such as existed between appellant and plaintiff, and is wrongfully discharged from the employment, that the damages to which he is entitled is the difference between the wage he was receiving under the contract, to the end of the term of employment, less the sum which he received for services of a similar kind during said time, or for which he by reasonable diligence would have received. John C. Lewis Co. v. Scott, 95 Ky. 484; Whittaker v. Sandifer, 1 Duv. 262; Chamberlain v. McAllister, 6 Dana 358; Raleigh v. Clark, 114 Ky. 738; Smith v. Ohler, 31 K. L. R. 1275. The fact that the employment is offered the discharged employee, by his former employer, is not a reason why he should not accept it, unless his acceptance would sacrifice his right to claim the damages to which he is entitled under the contract, from its violation by the employer. The facts here make it very clear that the plaintiff's continuing in the employment at $125.00 per month would have amounted to consent on his part to a rescission of his contract, and the loss of any right which he had to insist upon the damages for its alleged violation.

The judgment is therefore affirmed.