STATE, EX REL. ERNEST L. TRUAX, APPELLEE, V. OLIVER P. BURROWS ET AL , APPELLANTS.

287 N. W. 178

FILED JULY 18, 1939. No. 30668

*Frank L. Glebe, Floyd E. Wright* and *Howarth N. Olsen,* for appellants.

*Mothersead & York, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from the issuance of a peremptory writ of mandamus against the respondents as county commissioners of Scotts Bluff county, Nebraska.

The record discloses that the relator was, during all the times herein mentioned, the regularly elected and qualified register of deeds of Scotts Bluff county. On January 5,

1939, the relator nominated and named Estelle C. Laughlin as deputy register of deeds, and submitted her name to the respondents, then sitting as the board of county commissioners of said county, for approval as required by section 33-112, Comp. St. 1929. The board of county commissioners refused to approve the appointment. It is the contention of the relator that such refusal was arbitrary, capricious and without just cause.

It appears that, shortly after the submission of the name of Estelle C. Laughlin to the board of county commissioners for approval, relator was informed by J. Ned Allison, a member of the board, that the appointment had been disapproved because she was a married woman and did not need the job. The other two commissioners were present and made no further statement.

The evidence of the respondents was to the effect that they had made independent investigations as to the qualifications of the nominee for the position, with the result that they discovered many taxpayers were opposed to her appointment, that she was not in good health, that she was inclined to "carry tales," and that her disposition was such as to not fit her for the office. Her reputation, character and ability as a typist were conceded to be good. There is evidence in the record that Estelle C. Laughlin was a married woman, and that her husband held positions which paid him approximately $275 a month. The evidence of the respondents is to the effect that their disapproval of the appointment was not based on the fact that she was a married woman, or that she did not need the job.

To state that a married woman is not disqualified to hold the position of deputy register of deeds needs no citation of authority. Neither is the fact that a nominee to such an office does not need the job a disqualifying factor. A reading of all the evidence in the record convinces us that, unless the respondents are estopped, as contended by the relator, from producing other evidence as to the lack of qualifications of the nominee, the board of county commissioners had sufficient evidence before them upon which they could formu-

late their judgment without being arbitrary or capricious in so doing. The case, then, necessarily turns on the question whether relator can successfully invoke the doctrine of estoppel.

It is the contention of the relator that, when Commissioner Allison informed him in the presence of the full board that the appointment was disapproved because "she didn't need the job," they thereby estopped themselves from putting the disapproval on any other ground. The evidence shows that they gave only one reason for their action when they could have given several. We fail to find any evidence tending to show that relator relied or acted upon the information given to his prejudice. The case is governed by the following principles of law:

"To constitute an equitable estoppel, there must exist a false representation or concealment of material facts; it must have been made with knowledge, actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied on or acted upon it to his prejudice." *Walker v. Ehresman*, 79 Neb. 775, 113 N. W. 218.

"The silence of one party does not operate as an estoppel in favor of another, unless it appear that such other party has been induced thereby to change his position to his injury." *Columbus State Bank v. Carrig*, 3 Neb. (Unof.) 592, 92 N. W. 324.

In a case involving the same principle of law, the supreme court of Kansas said: "The transaction between them had been concluded before they assigned the reason for refusing payment. The statement made by appellees did not induce appellant to change his attitude nor lead him to assume a disadvantageous position. An estoppel should not be applied unless the statement or action of the party has injuriously affected others. It appears that appellant lost nothing by the statement of appellees. He had nothing to assign or surrender and when appellees refused

payment on any grounds he lost nothing. * * * A mistake in the enumeration of defenses will hardly operate as an estoppel where there is no other claim of injury than that a suit was brought by appellant to enforce an agreement upon which there never was a liability. One who has no claim or cause of action against another cannot be defrauded or injured by a denial of liability by the other on any ground, whether it be good or bad. A representation by one, even if false, does not work an estoppel unless the party asserting it has acted on the representation to his prejudice." *Glover v. Berridge,* 86 Kan. 611, 121 Pac. 1130.

In another case very similar in principle the court said: "Moreover, as this application (for a writ of mandamus) is discretionary, though the facts existing were not stated by the superintendent as his reasons, though he did not act on them, it is unchallenged that they are facts, and so long as they exist this court must consider them. Otherwise, on relator's theory, this court must find that the action of the superintendent was capricious and arbitrary, by reason of the refusal to receive the check, though actual facts are existing, which are of vital interest to the state, and, if made the reason for the refusal, would be sufficient to have warranted that refusal." *People v. Stevens,* 67 Misc. Rep. 529, 124 N. Y. Supp. 769.

Mandamus does not lie to compel the performance of a discretionary power of a public officer unless his action is arbitrary and capricious. It is a well-established principle, where discretion is lodged with an official, the courts will not interfere with the exercise thereof, except in cases where his discretion is so abused as to result in capricious and arbitrary action. The relator is in no position to urge an estoppel, for the reason that he was in no way prejudiced by the statement made by the board of county commissioners. A representation, even if false, does not work an estoppel unless the party asserting it has acted upon it to his prejudice. The relator being in no way prejudiced, a necessary element of a binding estoppel is absent. It must also be borne in mind that the issuance of a peremptory writ of

mandamus is discretionary with the court. Certainly, when it appears from all the evidence adduced that the board of county commissioners had sufficient evidence before them upon which to base their action, the court ought not to substitute its judgment for that of the board, and declare the board's action arbitrary and capricious when in truth and in fact it was not. We necessarily conclude, after determining that no binding estoppel exists, that the board of county commissioners were acting upon evidence that warranted the exercise of the discretionary powers conferred upon them by the legislature. While their decision might be wrong, the statute casts upon them the duty of deciding, and, they having done so in the proper exercise of their discretion, there is no justifiable cause for interference by the courts.

The relator cites many cases, including *Ballou v. Sherwood,* 32 Neb. 666, 49 N. W. 790, and *Pittenger v. Salisbury & Almquist,* 125 Neb. 672, 251 N. W. 287, in which the parties were not permitted to mend their holds after litigation was commenced. These are cases where the statement or refusal made by one party operated to the prejudice of the other, or where the objection finally made, if it had been made earlier, might have been obviated. The principles stated in these cases can have no application in the case at bar.

REVERSED.