THE STATE OF NEBRASKA EX REL. WINFIELD EVANS,
APPELLANT, V. HORACE E. BROWN, FORMER CITY
CLERK, ET AL., APPELLEES.
41 N. W. 2d 862

Filed March 30, 1950.   No. 32743.

*W. H. Kirwin,* for appellant.

*Jack E. Lyman,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

In conformity with the provisions of Chapter 16, article 6, R. S. 1943, and the 1949 Supplement thereto, Scottsbluff, a city of the first class, operating under a city manager plan as provided in Chapter 19, article 6, R. S. 1943, passed an ordinance entitled: "An Ordinance of the City of Scottsbluff, Nebraska, appropriating certain property for the use of said city for streets and sewers; appointing assessors, fixing the time and place for meeting of said assessors, prescribing their duties and remuneration and providing for the service of notice upon the owners of said property and persons interested; opening, establishing and designating said property as a part of Broadway Avenue; and repealing Ordinance No. 809 and all other ordinances or parts of ordinances in conflict herewith."

Thereafter a referendum petition, which evidently contained the required number of signatures but did not protest against enactment of the ordinance requiring its

suspension or reconsideration as provided by section 19-640, R. S. 1943, was filed with the city clerk, praying that the ordinance should "be referred to the voters of the City of Scottsbluff, Nebraska, for rejection or approval, at a special election to be called as provided by law."

The city clerk performed the duties required of him by section 19-639, R. S. 1943, but the city council took no affirmative action thereon to call and hold a special election, and relator filed this action in mandamus, alleging among other things that it was the legal duty of the city council to call a special election referring said ordinance to the voters of the city for their rejection or approval, which it failed, refused, and neglected to do. Relator's prayer was that respondents who are officers of the city be ordered and compelled to call and hold such a special election or appear and show cause why they had failed, neglected, and refused to do so.

An alternative writ issued in conformity with relator's prayer, and respondents answered, substantially denying generally, alleging that relator's prayer was for action by the city council, which it was not compelled to perform, that the ordinance pertained to local improvements, and referred to the taking of real estate under the power of eminent domain, an executive and administrative act not subject to referendum.

A hearing was had, whereat relator adduced evidence in his behalf and rested, whereupon respondents moved to dismiss the action for failure of relator to establish that respondents had "failed to act in accordance with the law or acted contrary to the law," and for other reasons set forth in respondents' answer which we need not repeat here.

After the motion was argued at length the trial court entered its judgment sustaining respondents' motion and dismissing the action at costs of relator. Motion for new trial was overruled and relator appealed, assigning, insofar as important here, that "The court erred in not grant-

ing the writ of mandamus as prayed for in the petition of relator."

Several propositions of law were presented by the briefs and argued to this court. However, but one of them requires discussion because it is decisive of the appeal and requires affirmance of the judgment.

Section 19-640, R. S. 1943, insofar as controlling here with regard to the submission of the ordinance by referendum to the voters, provides: "* * * the council shall submit it to popular vote at the next municipal election held not less than thirty days after filing of the petition, or the council *in its discretion* may call a special election for that purpose." (Italics supplied.)

It will be noted that the prayer not only of the referendum petition filed with the council but also relator's petition filed in the case at bar was that the council should hold or be required to call and hold a special election. The council was not petitioned to submit the matter at any general election, and never yet has refused to do so.

In that regard also, as stated at the end of the argument in relator's brief, "No municipal election was held or being held within thirty days thereafter, and a special election should have been called by the council in compliance with the plain provision of the statute" evidently referring to the statute just above quoted.

Respondents took the position throughout the trial that it was not mandatory but was within the discretion of the city council whether or not they should call and hold a special election. In other words, viewed in that light, the primary purpose of this action was to control the discretion of the city council, which cannot ordinarily be done by a mandamus proceeding.

As recently as State ex rel. Strange v. School District, 150 Neb. 109, 33 N. W. 2d 358, this court held: "The court has no power by mandamus to control the decision of those matters which are left by statute to the discretion of the governing body of a governmental agency.

"A peremptory writ of mandamus should be issued only where the legal right to it is clearly shown."

There was no evidence from which, the court could have concluded that the council's discretion was so abused as to result in capricious and arbitrary action, discussed in State ex rel. Truax v. Burrows, 136 Neb. 691, 287 N. W. 178.

For the reasons heretofore stated, the judgment should be and hereby is affirmed. Costs are taxed to relator.

AFFIRMED.