No. 41,242

J. C. ZEHRING, *Appellant,* v. CLETUS DRISKEL and HAZEL A. DRISKEL, *Appellees.*

(339 P. 2d 57)

Opinion filed May 16, 1959.

*Robert C. Helsel,* of Wichita, argued the cause, and *O. W. Helsel,* of Wichita, was with him on the briefs for the appellant.

*Mark H. Adams, II,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, Wm. I. Robinson, J. Ashford Manka, Clifford L. Malone* and *John S. Seeber,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: Plaintiff (appellant) brought this action, as payee of a promissory note, against defendants (appellees), the makers thereof, to recover money allegedly due under the note and contract made a part of the petition. From an order sustaining defendants' demurrer to the petition as amended, plaintiff appeals.

Plaintiff, J. C. Zehring, alleged that on December 16, 1949, defendants, Cletus and Hazel A. Driskel, executed and delivered to him a promissory note in the sum of $12,000; that consideration for the note was $6,000 in cash advanced by plaintiff to defendants and $6,000 representing the purchase price of 130 shares of stock in the Wichita Camera Exchange, Inc., to be sold by plaintiff to defendants. Plaintiff alleged that the sale of the 130 shares of stock was not consummated; that plaintiff sold the stock to other parties for $6,000 and credited defendants, on May 20, 1953, with that amount on their note. Plaintiff further alleged that with all

credits the principal unpaid balance and interest due on the note was $6,630, and prayed judgment for that amount.

The note was attached to and made a part of the petition. It provided that the $12,000 principal amount was to be payable $100 per month, plus interest, according to the Wichita Camera Exchange contract of even date. On the reverse side of the note notations appeared, indicating payments and credits on the note. These notations showed that the last payments made by defendants were on November 17 and December 18, 1952, which payments were applied to interest. The last payment applied to principal was made on January 23, 1951. An additional notation on the reverse side of the note reads as follows:

"6,000.00 stock in Camera Ex.
"6,000.00 for to pay all back bills.
"1950   $12,000.00."

It is impossible to determine when this notation was placed on the back of the note.

The Wichita Camera Exchange contract, referred to in the note, for sale of the stock was also attached to and made a part of the petition. It provided essentially for the sale by the plaintiff and the purchase by the defendants of 130 shares of stock in the Wichita Camera Exchange, Inc., for the total consideration of $12,000 to be paid in monthly installments of $100 and interest beginning January 16, 1950. The contract contained no forfeiture or accelerating clause. Among other provisions, the contract gave plaintiff the option of transferring to the defendants any stock fully paid for under the contract or keeping all the shares in his own name until payment was made in full.

The decisive question is whether the allegations of the petition state a cause of action against the defendants.

At the outset it may be stated that regardless of whether the note sued upon was negotiable any defense available against enforcement of the underlying contract may be set up in the action on the note, since this was an action between the original parties to the note. (G. S. 1949, 52-508; 10 C. J. S., Bills and Notes, § 481, p. 1044.)

Defendants, in effect, maintain that the note here sued upon was given for the purchase price of certain shares of stock; that plaintiff's allegation that the stock had been sold to other parties made it impossible for him to perform or tender performance of the con-

tract for the sale of the shares, and, therefore, his petition failed to state a cause of action. Plaintiff, on the other hand, maintains that the consideration for the note was a $6,000 cash advance and the $6,000 purchase price of the stock; that defendants had been credited with the $6,000 representing the purchase price of the stock and, therefore, tender of the stock was unnecessary to maintenance of this action.

Plaintiff alleged in his petition that consideration for the note was $6,000 in cash advanced by him to defendants and $6,000 representing the purchase price of 130 shares of stock in the Wichita Camera Exchange, Inc., to be sold by him to defendants. The contract between the parties for the sale of the stock, which was attached to and made a part of the petition, states, however, that the 130 shares of stock were to be sold for the total consideration of $12,000. It is a well-established rule of this court that where a cause of action depends in large measure on attached exhibits of written instruments and those exhibits conflict with the allegations of the petition, the recitals in the exhibits are controlling. (*Wood v. Stewart*, 158 Kan. 729, 150 P. 2d 331; *State, ex rel., v. Sinclair Pipe Line Co.*, 180 Kan. 425, 304 P. 2d 930; *Missionary Baptist State Convention of Kansas v. State*, 180 Kan. 501, 305 P. 2d 846, and cases cited therein.) In *Missionary Baptist State Convention of Kansas v. State*, p. 504, *supra*, we said:

"While a pleading is usually to be liberally construed in favor of the pleader, the whole of it must be considered together, and where one asserts a cause of action based, in part, upon exhibits the terms of which are contradictory to and at variance with allegations of the petition, the recitals to be found in the exhibits are controlling and determinative of the question whether the petition states a cause of action."

In the instant case the recital in the contract that the purchase price of the 130 shares of stock was $12,000 was contradictory to and at variance with that part of the petition which alleged that the purchase price of the stock was $6,000 and the remaining $6,000 of the note was in consideration for a cash advance of that sum. Since the recitals in the contract control over the inconsistent allegations of the petition, we must consider plaintiff's petition as alleging the consideration for the note was the $12,000 purchase price of the stock to be sold by him to defendants.

The question remaining then is whether plaintiff's allegation that the 130 shares of stock in question had been sold to other parties bars him from recovery.

It is generally held that where acts to be performed by the parties to a contract are mutual and dependent, tender of performance is necessary to enable one party to sue to enforce his rights under the contract. A party to a contract cannot insist upon damages for nonperformance by the other party without showing performance or an offer to perform and an ability to make the offer good if it is accepted. (*Morris Shoe Company v. Coleman*, 187 Ky. 837, 221 S. W. 242; *Vander Realty Co., Inc., v. Gabriel*, 334 Mass. 267, 134 N. E. 2d 901; *Diehr v. Thompson Chemicals Corp.* [Mo.], 281 S. W. 2d 572; *Teton Auto v. N. W. Sow Co.*, 48 Wyo. 478, 49 P. 2d 643; 12 Am. Jur., Contracts, § 333, p. 889; 17 C. J. S., Contracts, § 480, p. 985.) Tender of performance must be alleged by the plaintiff to make his petition show a good cause of action. (*Morris Shoe Company v. Coleman*, supra.) It is apparent, therefore, that where the plaintiff alleges his own inability to perform he may not maintain an action against the defendant because of his failure or inability to perform. (*Trembath v. Berner*, 203 N. Y. S. 530, 209 App. Div. 844.)

In case of doubt, this court has held that covenants are generally construed as dependent (*Nance v. Mullikin*, 131 Kan. 828, 831, 293 Pac. 490; 13 C. J., Contracts, § 539, p. 569), to avoid a construction which allows one party to have the benefit of the contract without performance of his own obligations. Here the parties agreed that the plaintiff was to sell and the defendants were to purchase the 130 shares of stock for a total consideration of $12,000, and they further agreed that the plaintiff could transfer to the defendants any stock fully paid for under the contract, or he could keep all the shares in his own name until payment in full was made. It is apparent that the obligation of the defendants to make payment in full and the obligation of the plaintiff to transfer the stock were mutual and dependent. Plaintiff herein failed to allege readiness and ability on his part to perform the contract. On the contrary, plaintiff, by alleging that the stock had been sold to other parties, alleged his own inability to perform. Therefore, he may not maintain this action to recover from the defendants because of his failure or inability to perform.

Since plaintiff's petition did not state a cause of action, defendants' demurrer was properly sustained. The judgment is affirmed.

It is so ordered.