No. 42,102

THOMAS C. DANIEL, *Appellee*, v. HENRY LEBEN, *Appellant*.

(362 P. 2d 634)

Opinion filed June 10, 1961.

*Harold A. Zelinkoff*, of Wichita, argued the cause and was on the briefs for the appellant.

*James R. Barr*, of Wichita, argued the cause, and *Payne H. Ratner; Louise Mattox; Payne H. Ratner, Jr., Cliff W. Ratner; Edmund R. Learned; Frank W. Hylton; R. R. Barnes*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for an alleged breach of a written lease of real estate, a business property, in Wichita. The appeal is from an order overruling a demurrer to the second amended petition as amended by supplemental allegations, which pleading will be hereafter referred to as the petition.

Omitting formal averments, the prayer, allegations of damages claimed to have been sustained, and divers allegations of no consequence to the issues, pertinent portions of the pleading in question read:

"That on or about the 9th day of December, 1958, plaintiff entered into a written lease with the said defendant, by the terms of which plaintiff leased from the defendant premises . . . for the term beginning January 1, 1959, and expiring December 31, 1960, . . . in monthly installments of $175.00. A copy of said lease is hereto attached marked Exhibit 'A' and made a part hereof.

"That plaintiff did, pursuant to the terms of said lease, go into tenancy of the premises . . . on or about the 1st day of January, 1959. That on or about the 17th day of January, 1959, the premises . . . were damaged so as to become untenantable. That plaintiff did not receive any written notice from the defendant regarding the restoration of the premises, however, at various times and on various occasions the defendant made oral representations to the plaintiff that the premises would be restored for the plaintiff's further tenancy. . . .

"That plaintiff has performed all of the terms and conditions which the lease required of him and is still ready, . . . to continue to so perform, but the defendant replied to plaintiff's request with an oral demand for an increase of $200.00 per month, otherwise, defendant refused to allow the plaintiff to continue under the lease. This oral demand was made . . . sometime during the . . . early part of October, 1959, . . .

"That thereafter the defendant further breached his contract . . . treating said lease with the plaintiff as terminated and has entered into a new lease with one Lawrence Martin, thereby depriving the plaintiff of the balance of the term under his lease."

Salient portions of the lease which, as previously indicated, was attached to and made a part of the petition read:

". . . In the event the premises be destroyed or damaged by fire or other providential means so as to become untenantable, and *if the lessor shall elect to rebuild or repair and shall give written notice of such election to the lessee within ten days after the time of such damage or destruction,* then this lease shall remain in full force and effect and the lessor shall have the right to restore the premises, and during the interval of such restoration and while the premises are untenantable, no rent shall be collectible from the lessee; *but if the lessor does not so elect to restore the premises then this lease shall cease and become void* and the obligations of the lessee to pay rent for the premises shall terminate as of the time of such destruction or damage making the premises untenantable.

"*This lease incorporates and includes all representations and agreements between the parties concerning the subject matter hereof and may not be supplemented nor modified except by writing signed by the parties hereto.*" (Emphasis supplied.)

Facets of the single appellate issue involved, *i. e.,* whether the trial court erred in overruling the demurrer, will be clarified at the outset by establishing the theory on which plaintiff bases his claim the petition states facts sufficient to constitute a cause of action. Quoting from his own brief that theory is stated thus:

"Appellee's cause of action is based, and it is so alleged in the amended petition, on a written lease entered into by the parties, which lease, despite the partial destruction of the premises, remained in full force and effect as a result of a valid modifying agreement between the parties; that appellant later repudiated and breached the lease agreement by leasing the premises to another party before appellee's term was completed; the appellee was thereby damaged as alleged in the amended petition."

Resort to the petition, which we again emphasize includes the lease contract, makes it clear there is a clear cut variance between the terms of the lease relied on and the allegations of the pleading. In such a situation the established rule of this jurisdiction, although sometimes differently stated, is that when an exhibit is the foundation of a petition the recitals in the exhibit control and govern the other allegations of the pleading of which it has been made a part.

For divers statements of the above mentioned rule see *Zane v. International Hod Carriers B. & C. L. Union,* 155 Kan. 87, 122 P. 2d 715, where it is held:

"Where one asserts a cause of action upon a written instrument or document attached to and made a part of his petition, and not alleged to be incorrect, allegations of the petition at variance with the provisions of the instrument or document, or not justified by it, cannot be considered by the court." (Syl. ¶ 1.)

See *Degenhardt, Administrator, v. Degenhardt,* 183 Kan. 260, 326 P. 2d 288, which holds:

"Where one asserts a cause of action upon a written instrument or document attached to and made a part of his petition, which exhibit is alleged to be correct, allegations of the petition at variance with the provision of the instrument or document will be governed by the terms of the exhibit when attacked by a demurrer." (Syl. ¶ 2.)

See, also, *Missionary Baptist State Convention of Kansas v. State,* 180 Kan. 501, 305 P. 2d 846, quoted with approval in *Zehring v. Driskel,* 184 Kan. 644, 646, 339 P. 2d 57, where it is said:

". . . While a pleading is usually to be liberally construed in favor of the pleader, the whole of it must be considered together, and where one asserts a cause of action based, in part, upon exhibits the terms of which are contradictory to and at variance with allegations of the petition, the recitals to be found in the exhibits are controlling and determinative of the question whether the petition states a cause of action. . . ." (p. 504.)

For just a few of our other decisions, where such rule is stated, discussed and applied, see *State, ex rel., v. Sinclair Pipeline Co.,* 180 Kan. 425, 304 P. 2d 930; *Galleher v. City of Wichita,* 179 Kan. 513, 519, 296 P. 2d 1062; *State, ex rel., v. Hedrick,* 178 Kan. 135, 139, 283 P. 2d 437; *Croasdale v. Butell,* 177 Kan. 487, 491, 280 P. 2d 593; *Wood v. Stewart,* 158 Kan. 729, 732, 733, 150 P. 2d 331.

See, also, 41 Am. Jur., Pleading, § 57, pp. 328, 329.

With the foregoing rule in mind it becomes necessary to examine the basic instrument on which plaintiff founds his cause of action. That, as we have pointed out, in final analysis, is the original lease attached to the petition. In this connection it is to be noted that while a court has power to interpret and construe a written instrument it has no authority to reform the instrument by rejecting words of clear and definite meaning and substituting others therefor (See *Geier v. Eagle-Cherokee Coal Mining Co.,* 181 Kan. 567, 572, 573, 313 P. 2d 731, citing *Sipes v. Pessemier,* 144 Kan. 300, 58 P. 2d 1085). Stated in different fashion it is not the function of the court to make contracts for the parties but to enforce them as made (*Zelinkoff v. Johnson,* 185 Kan. 489, 345 P. 2d 665).

Turning to the lease it cannot be denied it states in clear and unambiguous terms that, unless written notice was given to the plaintiff (lessee) within ten days after the premises become untenantable, the lease ceased and became void. Moreover looking at other allegations appearing on the face of the petition, and giving them the benefit of inferences to which they are entitled in ruling on the de-

murrer, it becomes clear (1) that the defendant did not give the notice electing to restore the premises within the ten day period; (2) that the oral agreement relied on was entered into some time after the expiration of such period of time but not later than the early part of October 1959; and (3) that based on the terms of such oral agreement plaintiff is claiming to have held and retained a lease on the real property in question, under the terms of the original written lease for a period of time which, in any event, would have exceeded one year in duration.

In the face of the related conditions and circumstances, and when the rules to which we have heretofore referred are properly applied in accord with this court's previous decisions, we are convinced that following the expiration of the ten day period the written lease, by its own terms, became null and void. With this point decided it becomes obvious that, under the allegations of his petition, and notwithstanding his claims to the contrary, plaintiff is actually in the position of attempting to state a cause of action founded upon a subsequent executed oral agreement, wherein he seeks to revive and reinstate the terms of the void lease contract, and thus establish a leasehold estate or interest in the real estate in question for a period of time exceeding more than one year.

Conceding, as plaintiff points out, that under our decisions (See, e. g., *Bailey v. Norton*, 178 Kan. 104, 283 P. 2d 400) it is settled that the terms of an existing written contract may be varied, modified, waived, annulled, or wholly set aside, by any subsequently executed contract, whether such contract be in writing or parol, it does not follow that the terms and provisions of a written agreement, which has become void and of no force and effect for reasons herein stated, can be revived and reinstated in that manner. In the last mentioned situation, as we understand it, questions relating to the status of the prior agreement depend upon the terms and provisions of the new contract—in this case an alleged oral agreement—including, of course, all questions pertaining to the validity of the subsequent instrument.

Thus we come to the all decisive question involved in this case. Does the petition, which, on its face, shows facts such as have been heretofore related, state a cause of action?

Our statute of frauds (Chapter 33, G. S. 1949), so far as here pertinent, provides:

"No leases, estates or interests of, in or out of lands, exceeding one year in duration, shall at any time hereafter be assigned or granted, unless it be by

deed or note, in writing, signed by the party so assigning or granting the same, or their agents thereunto lawfully authorized by writing, or by act and operation of law." (G. S. 1949, 33-105.)

"No action shall be brought whereby to charge a party . . . upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them; unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing." (G. S. 1949, 33-106.)

Even though the cases involving the subject now under consideration are limited, this court is not without controlling precedents dealing with the force and effect to be given the foregoing sections of the statute in situations which, although they are not identical, are somewhat similar to those here presented.

In *Lane v. Ozias,* 114 Kan. 46, 217 Pac. 331, we held:

"A lease of farming land for a term of one year beginning at a future date is an estate in land 'exceeding one year in duration' and cannot be performed 'within the space of one year from the making thereof,' within the meaning of the statute of frauds; and a lease so made by an agent without authority in writing signed by the party to be charged thereby is void; and the principal, disclosed or undisclosed, cannot be held in damages for failure to deliver possession of the land pursuant to such unauthorized contract of lease." (Syl.)

And in the opinion said:

"The contract of lease having been made in June, 1919, for a term ending August 31, 1920, some fourteen months in the future, was within this statute.

". . . Lawful authority to contract for a term which extended 14 months into the future could only be conferred in writing, if the principal, disclosed or undisclosed, did not choose to be bound by it and did nothing to ratify it, and where there was no element of estoppel involved. It obviously follows that the judgment in this case cannot stand." (p. 48.)

In a later case, *Hale v. Brown,* 119 Kan. 303, 304, 239 Pac. 963, referring to what was then R. S. 33-105, and citing *Lane v. Ozias,* supra, we said that an oral promise to lease a farm for more than a year is void under the statute of frauds. That an oral contract to lease a farm for more than a year, comes within the same category as an oral contract to lease other real estate—here a business property—so far as application of the statute of frauds is concerned, cannot be questioned.

Moreover it is to be noted, that long ago in *Pessemier v. Genn,* 104 Kan. 287, 288, 178 Pac. 426, this court recognized that a demurrer, based on the ground a petition did not state a cause of

action, was sufficient to raise the enforceability of a contract under the statute of frauds when, in the opinion, it said:

"Plaintiff does not quarrel with the general doctrine that a parole contract for the sale is unenforceable under the statute of frauds, but urges that defendant's demurrer admits the truth of the allegations of his petition that the sole ground of defendant's refusal was his desire to sell the land to another and his subsequent sale to the latter. Now, plaintiff says that he cannot rely on the statute of frauds.

"It is true that a demurrer admits the truth of all the facts well pleaded, but it does not follow that the demurrer goes no further. It challenges the legal effect of everything appearing in the petition.

"It challenges the legal effect of the parole contract, as well as the legal effect of the alleged explanation given by defendant for his refusal to carry out the contract. . . ." (p. 288.)

*Pessemier v. Genn,* supra, also establishes that, where it appears from the face of the petition, a contract relied on as grounds for recovery is unenforceable by reason of inhibitions of the statute of frauds such pleading fails to state a cause of action.

After careful review of all questions raised by the parties and the decisions cited in support thereof, we are convinced the petition in this case shows on its face (1) that plaintiff was relying upon the terms of a subsequent oral agreement to establish a leasehold estate or interest in the real estate in question for a period of time exceeding more than one year or, if not, was bound to rely on that agreement as a matter of law to establish such interest and (2) that nothing appears on the face of such petition which takes the case out of the statute of frauds. Therefore, based on the decisions heretofore cited and what has been heretofore stated and held, we are constrained to hold the petition fails to state a cause of action and that the trial court erred in overruling the demurrer to that pleading.

The judgment is reversed with directions to sustain the demurrer to the petition.

Robb, J., not participating.