CLEO D. BURNETTE V. CHARLES E. ELLIOTT.

No. 14,442.    (84 Pac. 374.)

SYLLABUS BY THE COURT.

1. PETITION—*Indefiniteness—Demurrer—Objection to Evidence.* Indefiniteness and informality in a pleading cannot be reached by a demurrer, nor by an objection to the introduction of evidence.

2. ——— *Presumption.* Considerable latitude of presumption is allowed in sustaining a petition where issue is joined upon it, and it is only attacked at the beginning of the trial by an objection to the admission of any testimony.

3. ——— *Literal Interpretation.* Upon such an objection the pleading should be liberally interpreted, and if upon any fair construction it can be held to state a cause of action the objection should be overruled.

4. ATTORNEYS—*Malicious Negligence—Client's Reputation Injured—Petition Sufficient.* Under this rule of interpretation, a petition which in substance charges the defendant with acts tending to destroy the character and reputation of the plaintiff, a person who was mentally weak and unable to take care of himself, and that while plaintiff was in such condition and under charges of professional misconduct the defendant was employed to defend and protect him in a disbarment proceeding, but that the defendant filed no answer and made no defense, in consequence of which a judgment by default was taken against the plaintiff, and which avers that the omission and neglect were malicious and intended to accomplish a selfish and unlawful purpose of the defendant, and to discredit and injure the plaintiff, states a cause of action.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed January 6, 1906. Reversed.

*Hackney & Lafferty,* and *Cleo D. Burnette,* for plaintiff in error.

*Herrick & Herrick,* and *W. W. Schwinn,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.:   The legal sufficiency of a petition filed by Cleo D. Burnette, alleging wrongful conduct on the part of Charles E. Elliott as against Burnette, was the question determined against the plaintiff by the district court, and which is now submitted to this court on review.   Instead of raising the question upon a demurrer to the pleading, it was done by an objection to the introduction of evidence, after the opening statement had been made by counsel for the plaintiff.   The objection was sustained, the jury discharged, and a judgment of dismissal rendered.

The petition, after alleging that the plaintiff and defendant were partners in the practice of the law, among other things stated in substance that during the partnership the plaintiff became physically and mentally incapacitated; that defendant, knowing plaintiff's condition, for the purpose of getting rid of him and defrauding him of his share of the earnings of the firm conspired with others to accomplish this purpose, and to that end induced plaintiff to refuse to give testimony in a certain case then pending in the district court, and also instigated a disbarment proceeding against the plaintiff, upon the ground that a certain letter written by him in the course of his practice was false and fraudulent, when the defendant and his confederates knew that the letter was genuine.   It was further alleged that upon the commencement of the disbarment proceeding the defendant was employed to defend the plaintiff, but that he failed to file an answer of any kind, ignored the proceeding, and purposely neglected his duty as attorney for the plaintiff, by means whereof a judgment was taken by default disbarring the plaintiff.

In this connection it was averred that the defendant induced and assisted the plaintiff to prepare and sign a false statement that the letter which he had written,

40—72 KAN.

and which was involved in the disbarment proceeding, was false and fraudulent, when in fact it was not; that the defendant then procured a notary public to certify that plaintiff had sworn to the statement, when in truth and in fact he had not; and that if plaintiff had sworn to the same he would have been guilty of perjury. Aside from the wrongs mentioned it was alleged that the defendant violated his duty as attorney for plaintiff in other respects, and, further, that he had induced plaintiff to leave the state for his own protection. It was also alleged that during all these occurrences plaintiff was mentally irresponsible, that the defendant knew and took advantage of his incapacity, and purposely and maliciously omitted to make any defense for plaintiff or do anything to protect him in the disbarment proceeding, in order that he might destroy plaintiff's reputation and character, and get rid of and cheat him out of the business and fees of the partnership. The petition concluded with a statement that the plaintiff had been thereby damaged in the sum of $50,000, for which he asked judgment.

Many other averments were included in the petition which have not been mentioned; some may have been alleged as matter of aggravation, and others appear to have no bearing upon the cause of action pleaded.

Although the averments of the petition take a wide range and bring in collateral facts, we think that, considered together, they constitute an actionable wrong. The defendant treats the different parts of the petition as separate counts and attacks the sufficiency of each of them. The pleader, however, evidently proceeded on the theory that the facts constituted a single cause of action, and included things connected with each other which showed the motive and purpose of the defendant in committing the wrong. If more than a single wrong or cause of action was included in the petition it will not avail the defendant under the objection as made. No motion was made separately to

state and number the causes of action, nor was the objection raised in any appropriate manner.

The complaint that the petition offends the rule regarding clearness and conciseness of statement will not avail, as indefiniteness and informality cannot be reached by a demurrer, much less by an objection to evidence. In examining the allegations of the petition it must be remembered that, while an oral demurrer or objection to evidence is countenanced as a method of challenging the sufficiency of a petition, it is not regarded with favor by the courts. Considerable latitude of presumption is allowed in sustaining a petition where issue is joined upon it and it is only attacked at the commencement of the trial by an objection to the admission of any testimony. Upon such an objection the pleading is to be very liberally interpreted, and, although it may be indefinite or informal in averment, if upon any fair construction it can be held to state a cause of action the objection should be overruled. (*Robbins v. Barton Bros.,* 50 Kan. 120, 31 Pac. 686; *The State v. School District,* 34 Kan. 237, 241, 8 Pac. 208; *Sash Co. v. Heiman,* 65 Kan. 5, 7, 68 Pac. 1080; *Howard v. Carter,* 71 Kan. 85, 80 Pac. 61; *Brashear v. Rabenstein,* 71 Kan. 455, 80 Pac. 950.) A liberal interpretation of the petition in hand leaves no doubt that a cause of action is stated. Laying aside the general charges of conspiracy, and looking at the individual things alleged to have been done by defendant toward destroying the reputation and standing of the plaintiff, it must be held that they were unlawful and hurtful. Plaintiff did not ask a recovery for the unexecuted plans of the conspirators, but based his claim on the commission of wrongful acts of the defendant which resulted in actual damage to plaintiff.

It is argued that the plaintiff participated in most of the acts complained of and should not be permitted to recover damages for injuries which he would not have sustained but for his consent. As to some of the wrongful acts charged there was cooperation by the

plaintiff, but this is met by averments that the plaintiff was mentally irresponsible, and that defendant, knowing plaintiff's condition, took advantage of his weakness. The single charge that the defendant intentionally omitted to make a defense in behalf of the plaintiff in the disbarment proceeding is sufficient to repel the objection that was made. The omission and neglect were charged to have been malicious and for the purpose of injuring the plaintiff. It was alleged that, knowing plaintiff's incapacity and that he was innocent of the charges made against him in the disbarment proceeding, defendant neglected to make a defense, or even to file an answer in plaintiff's behalf.

The defendant contends that the failure to file an answer was not misconduct, upon the theory that this court has held in a disbarment proceeding that an answer was not necessary to a defense. (*In re Burnette*, 70 Kan. 229, 78 Pac. 440.) It will be observed that the majority of the court which united in the reversal of the judgment in the case cited did so for different reasons, and did not concur in the view that a judgment by default could not be taken in such cases. Here, however, more is alleged than a failure to file an answer. The averments, although somewhat general, are to the effect that defendant instigated the disbarment proceeding knowing the plaintiff to be innocent; that when engaged to defend the plaintiff he maliciously ignored the proceeding and made no defense, and that the neglect was intentional, in order to accomplish a selfish and unlawful purpose of the defendant and to injure the plaintiff.

Whatever the proof may be when it shall be produced in the case, the averments of the petition, if accepted as facts and liberally construed, must be held to state a cause of action, and hence the judgment of the trial court is reversed.

All the Justices concurring.