No. 31,860

JOSEPH KREHBIEL, *Appellee*, v. H. F. VOTH, *Appellant*.

(37 P. 2d 1022)

Opinion filed December 8, 1934.

*Edwin Anderson* and *A. T. MacDonald,* both of McPherson, for the appellant.

*James A. Cassler,* of McPherson, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action upon a note by the payee thereof against one of the two makers thereof, the other maker being a son of the defendant, and he has since been adjudged a bankrupt.

The answer of the defendant alleged material alteration of the note by changing the rate of interest in the face of the note from six per cent to seven per cent by making the figure seven over the figure six.

The reply denied that plaintiff ever made any change in or alteration of the note, but alleged that immediately after it was executed and delivered to him by the makers thereof he left it at the bank of Moundridge, where the son of defendant was an employee and had free access thereto; that he did not know of the change in the note until long after it was due; that when the bank where it was left was about to merge with another bank, he called to get the note, and that was the first knowledge or information he had that any one had changed the rate of interest therein; that when it became due at the end of one year the son and the plaintiff entered into an oral agreement that it might be extended for one year if defendants would pay seven per cent interest, and that rate was paid until six months before the commencement of this action; that the defendant ratified and confirmed the note, and that notwithstanding such ratification and confirmation the plaintiff is ready and willing and does waive said one per cent interest and is willing to accept interest at six per cent.

The case was tried to the court without a jury, and the court made extensive findings of fact and rendered judgment for plaintiff, from which the defendant appeals.

The first error assigned by the appellant is that there was no evidence to support the following finding of the court:

"While the testimony does not disclose that the defendant did know that the note had been changed from six to seven per cent, yet he did know that his son was paying interest at the rate of seven per cent on the amount represented by the note."

Appellant refers to the following testimony of the son:

"I told my father that Mr. Krehbiel had extended the note for another year, but did not tell him anything about changing the rate of interest."

This was not all the testimony of the son on this question. . The following two questions and answers relate to the same matter:

"Q. Now then, did you go and tell your father you had extended this note? A. I don't remember.

"Q. Did you ever talk to your father about, that you had agreed with Mr. Krehbiel to extend this note? A. He knew of it. I told him I could have it for another year."

Then there was the testimony of the cashier of the bank of Moundridge, who was a brother-in-law of the defendant and an uncle of the son of defendant, to the effect that the father told him repeatedly what his son was doing, and the son told him, "I tell my father everything; he knows my business, he knows all about my business." The cashier further stated concerning the defendant:

"We were very closely acquainted by reason of the relationship and being neighbors across the way, we talked these matters over so often that I couldn't just recall any specific time that this note was mentioned, but I do remember that one instance that I know it was mentioned specifically."

There is nothing extreme or unusual in or about this finding under the evidence when it is all considered together and in connection with the further evidence of the plaintiff as to his conversations with the defendant, who said he thought he could borrow $500 to pay on the note, but he would have to pay eight per cent for it and didn't like to do that. He told the plaintiff that his son could not pay him $500 on the note, as he had promised, but that he, the defendant, would like to extend the note for eight or ten months. The plaintiff and defendant had several conversations about the payment or extension of the note between October, 1932, and the 16th of January, 1933, when this action was commenced, which was more than· two years after seven per cent interest was being paid on the note. The knowledge and attitude of the defendant is most plainly shown in his last conversation with the plaintiff about four days before this action was commenced, when he accused the plaintiff of falsifying the note, notwithstanding his son admitted that the change was made by him.

The next error assigned is in the overruling of the objection of the defendant to the introduction of certain evidence by the plaintiff, claimed to be immaterial, and also overruling the motion of defendant to strike it out. It related to the sale of a tractor and combine by the son to his father, the defendant, and later, in connection with the demurrer of defendant to plaintiff's evidence, the motion

to strike out this evidence was renewed by the defendant and was sustained but later overruled; still later an objection to further evidence along the same line was sustained and the matter was not mentioned in the findings of fact, so no prejudicial error resulted from the failure to strike out such evidence.

The next point raised is the error in overruling the demurrer to the plaintiff's evidence. Appellant cites R. S. 52-906, which says a material alteration of a negotiable instrument avoids liability thereon, except as against a party who has himself made, authorized or assented to the alteration. What was said concerning the finding above discussed applies in a measure here. That is, while defendant may not have known that the figure seven was made over the figure six on the face of the note, yet he did assent to the payment of the one per cent higher rate of interest, which, for the purpose of making a *prima facie* case, is sufficient to justify the court in overruling the demurrer.

Appellant urges that the plaintiff, by accepting two payments of interest on the note at the rate of seven per cent after obtaining possession of the note and knowing that it had been thus changed or altered, and by bringing this action on the note in its altered form and claiming interest thereon at seven per cent, thereby ratified the alteration and cannot avoid the effect and consequences of its being altered.

The son was the only witness testifying for the defendant, and he said that he made the change, but that he did it in the presence and at the command of the plaintiff. The plaintiff positively denied that he ever saw the change or knew of it until he got the note back from the bank, long after it was due, and showed that even most of the indorsements of interest payments were made on the back of the note by the son. The court found that the son made the change, but that he did so without the knowledge of either the plaintiff or the defendant. So the serious question is, Can one of two makers of a note alter or change it without the knowledge of the payee and his comaker, and thus relieve his comaker of liability thereon by reason of the payee accepting the increased rate of interest on the note in accordance with an oral agreement about which the defendant knew, and by the further recognition of the increased rate and the change in the note by the bringing of an action thereon in its changed form?

The pleadings must all be considered together, the reply as well as the petition and the exhibit thereto attached, and the reply plainly

shows the claim and acceptance of an increased rate of interest was due not to the change in the face of the note but to an oral agreement of which the defendant had knowledge.

"Generally speaking, a fact not alleged in one pleading may be sufficiently shown by the pleadings as a whole . . ." (49 C. J. 863.)

In 21 R. C. L. 556 it is said:

"While a reply should not reassign or repeat the averments of the complaint, it must relate back to the complaint and reënforce the cause of action there pleaded; and it must of itself contain a full and complete answer to the bar pleaded in defense."

In the case of *Board of Education v. Shaw,* 15 Kan. 33, it was said:

"On the trial of a case the whole of the pleadings are considered together; and where any two allegations of the same party are inconsistent with each other, the allegation most unfavorable to such party will be deemed to override the other allegation." (Syl. ¶ 5.)

The allegations in the petition and reply in the case at bar are not inconsistent.

The appellant insists upon the change in the rate of interest being a material alteration under R. S. 52-907 instead of a mere spoliation, as concluded by the trial court in its opinion; therefore, under R. S. 52-906, liability thereunder is completely avoided. Even if it is under the statute a material alteration, the exception to the result of avoiding liability is plainly contained in the statute last above cited as to parties assenting thereto. The assent of both parties is here, under the finding of the trial court, to the effect of the change or alteration of the note, namely, to the increase of one per cent in the rate of interest, although neither party knew of the actual change being made in the face of the note until some time thereafter. The change or alteration in this case does not come under the strict rule, as stated in the texts, as either a spoliation or a material alteration. The former is that usually done by a stranger, while the latter is usually done directly or indirectly by one claiming a benefit under the instrument. (3 Daniel on Negotiable Instruments, 7th ed., p. 1672; 2 C. J. 1172.) The son who made the change was neither a stranger to the instrument nor one claiming a benefit under it.

"A joint promisor or maker of a note is not one claiming a benefit under the instrument, within the meaning of the rule that an alteration to avoid an instrument must be made by one claiming a benefit thereunder, and it would be an unwarranted extension of the rule to allow him to defeat the instrument without the fault of one claiming under it." (1 R. C. L. 986.)

"Where a material alteration is made in the instrument by some only of

the parties bound thereby, without the privity of the others, such alteration cannot, if the grantee or promisee had no hand therein, prevent recovery by him upon the instrument as it originally stood . . ." (2 C. J. 1232.)

We conclude that neither the acceptance by the plaintiff of two interest payments at the increased interest rate, after he knew of the change in the face of the note, nor the bringing of the action on the note as changed, when the petition was modified by the reply setting out the oral agreement as to the increase of interest rate, was such a ratification of the changed or altered note as to give the note the effect of an altered instrument, especially when the defendant "assented" to the identical substance of the change, the payment of increased interest, as the court found.

In the reply the plaintiff waived the advantage of the increased rate of interest, which he had a right to do when the liability under the note was not avoided by the change therein, and judgment was rendered for plaintiff against defendant on the note as originally given at six per cent interest from the last payment of interest thereon, except that our attention is now called to an error in the calculation of the interest by not deducting the increase in the four payments of interest in the total sum of $20, which should be deducted from the judgment because of the plaintiff's waiver. This correction should be made.

We find no error in overruling the motion for a new trial.

The judgment, subject to the above correction, is affirmed.