No. 34,576

MARY POWELL KIRWIN, ELLEN DENTON and HATTIE BIXBY, *Appellees*, v. C. OAKLEY McINTOSH, *Appellant*.

(98 P. 2d 160)

Opinion filed January 27, 1940.

*Thomas Amory Lee,* of Topeka, for the appellant.

*Melvin E. Buck,* of Kansas City, and *Albert V. Morris,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover for an alleged overpayment of an attorney's fee. The case is here on appeal from an order of the district court overruling the defendant's demurrer to the petition.

The three plaintiffs are daughters of Reuben Denton and Zoa Denton, his wife, both deceased. Both parents died intestate in February, 1935, leaving as their sole heirs eight children. Their estate consisted of real estate of the appraised value of about $11,000 and personal property of $9,000. The petition alleged that a short time after the death of the parents the plaintiffs entered into a contract with the defendant, McIntosh, under the terms of which he agreed to give them legal advice, to secure for them their respective shares of the estate, and to the best of his ability secure such shares as soon as possible, for which services the plaintiffs agreed to pay a reasonable attorney's fee which should be not less than $75 nor more than $200 per party. Copy of the alleged agreement was attached to and made a part of the petition. It was further alleged that on October 10, 1936, the defendant, as attorney for the plaintiffs, filed an action for partition of the real estate belonging to the estate; that they employed no other attorney to represent them or to assist the defendant; that in the partition action the defendant filed certain motions for attorney's fees which were allowed in the aggregate sum of $928.14; that this amount was taxed as part of the costs in the case and that in view of the fact that the plaintiffs were entitled to three-eights of the proceeds from the sale of the property three-eights of that amount, or $348.06, was charged and taxed against their interests in the estate; that the defendant did not inform them that he had been allowed such fee by the court; that they had no knowledge of the allowance of the fee for more than thirty days after the partition action was closed and settled; that the defendant failed and neglected to give them credit for that part of the fee allowed by the court and charged against their share, but collected from the three plaintiffs the maximum fee of $600 as provided in the contract of employment. It was alleged that the defendant had refused, after demand to make refund, and judgment was asked for $348.06, the amount of the alleged overpayment made by them.

The demurrer was based upon four grounds, all of which are here urged: (1) that there was improper joinder of several causes of

action; (2) that the petition constituted a collateral attack upon the judgment allowing attorney's fees in the partition suit; (3) that the matter is *res judicata;* and (4) that the petition does not state facts sufficient to constitute a cause of action.

We have given careful consideration to appellant's contentions, but conclude that none of them is well founded. The case being here upon demurrer, all well-pleaded allegations of fact must be considered as true. We do not think there was improper joinder of causes of action. The action is clearly upon the contract of employment in which defendant appears as party of the first part and the three plaintiffs in this action as parties of the second part. The interests of the three plaintiffs were identical, and the defendant agreed to serve them as an attorney in the same manner, and we see no reason to deny the plaintiffs the rights to join in one action based on the contract.

We find nothing in the petition to indicate that it is a collateral attack upon any part of the judgment entered in the partition suit. Plaintiffs do not question the fees allowed to the defendant in the partition action. They simply allege that out of their interest in the estate the defendant had already received $348.06 for the services which he had agreed to render to them under the contract. The petition seeks neither to set aside nor to modify any judgment or order entered in the partition action. A like answer, we think, is to be made to appellant's contention that the demurrer should have been sustained because the question involved in the action was *res judicata.* The general rule is that the defense of *res judicata* may be raised by demurrer only in cases where the fact and the nature of the prior adjudication appear on the face of the pleadings; that otherwise it is one which must be affirmatively pleaded. (34 C. J. 1058; 1 Bancroft Pleading and Practice, Ten-year Supp., § 1649; 2 Freeman on Judgments, 5th ed., 1692-1694.) For reasons already stated it cannot here be said that the fact of a former adjudication of the question involved appears on the face of the petition. The relief sought is not to set aside or modify any judgment or order in the partition action referred to in the petition, but is to recover the alleged overpayment under the contract.

In support of his contention that the petition does not state a cause of action appellant urges that the petition is so indefinite and uncertain that no logical conclusion can be reached therefrom as to the basis of plaintiff's claim for relief. We do not find the argument persuasive. The petition alleged that defendant by written contract

agreed to furnish certain legal services to the plaintiffs for a maximum fee of $600, that in the partition action he was allowed and received $348.06 for such services out of their portion of the estate, that he failed to give credit for that amount, but collected the full amount due under the contract and that they are entitled to a refund of the amount for which credit should have been given. As against demurrer a petition is to be liberally construed, and if the defendant considered the allegations indefinite and uncertain he should have leveled at the petition a motion to make definite and certain. (*Western Mass. Ins. Co. v. Duffy*, 2 Kan. 347; *Burnette v. Elliott*, 72 Kan. 624, 84 Pac. 374; *Gano v. Cunningham*, 88 Kan. 300, 128 Pac. 372; *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 211 Pac. 133.)

We think the demurrer was properly overruled, and the judgment of the trial court is affirmed.