No. 35,417

GEORGE ZANE, *Appellee*, v. THE INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS' UNION OF AMERICA, and LOCAL NO. 1290 OF THE INTERNATIONAL HOD CARRIERS, BUILDING AND COMMON LABORERS' UNION OF AMERICA et al., *Appellants.*

(122 P. 2d 715)

Opinion filed March 7, 1942.

*Chas. Turney,* of Chicago, Ill., argued the cause, and *William Drennan, Otto Ziegelmeyer, Charles W. Lowder,* all of Kansas City, *Clif Langsdale* and *Gibson Langsdale,* both of Kansas City, Mo., were on the briefs for the appellants.

*Thomas H. Finigan,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to recover a balance claimed to be due on a contract for services performed for a local labor union. The defendants named are The International Hod Carriers, Building and Common Laborers' Union of America, hereinafter called the International Union; Local Union No. 1290 of the International Hod Carriers, Building and Common Laborers' Union of America, here-inafter called Local No. 1290, and twenty persons, sued as individuals and as the respective officers of Local No. 1290. There was no service of summons on the International Union. Though not definitely shown, we assume from the record that each of the twenty persons named as defendant was served individually and as the of-

ficer he was alleged to be of Local No. 1290. The individual defendants have appealed from an order overruling their demurrer to the third amended petition, predicated on the ground that the petition states no cause of action against them individually. The financial secretary and treasurer of Local No. 1290 has appealed from an order overruling his motion to set aside the restraining order previously issued insofar as it applies to Local No. 1290, its funds, property and assets, which motion was predicated on the ground the court had no jurisdiction in this action of Local No. 1290 for the reason that it is an unincorporated voluntary association, and as such is not a suable entity.

The pertinent allegations of the third amended petition may be summarized or quoted as follows: The International Union is a corporation, "duly organized and existing under and by virtue of law," with its principal office at Washington, D. C.; that Local No. 1290 is a consolidation and merger of Local Nos. 570 and 590 of the International Union and is a subordinate organization and member of the International Union; that the individual defendants constitute the officers and trustees of Local No. 1290, all being members of the executive committee, and hold the respective titles set out in the caption; that Local No. 1290 "is a volunteer association of the individuals herein named, and many more whose names this plaintiff does not know and for that reason does not set out herein, and that this action is brought against these individuals as such, and as representatives and officers of said association, and against all of said parties who may have an interest in said local union as members, because of the fact that the parties are various members, and because it is impracticable to bring them all before the court, and that as such they are engaged in a common enterprise."

That under the constitution and general rules of the International Union the organization has the following jurisdiction and authority:

"Sec. 2. This International Union shall have supreme ruling power over all local unions . . . who may come under its jurisdiction. The powers of this union shall be executive, legislative, judicial. The government and superintendence of subordinate unions shall be vested in this International Union as the supreme head of all local unions, and the jurisdiction shall be the ultimate tribunal to which all matters of importance to the welfare of the several local unions or any member thereof shall be referred for adjustment, and its decision thereon shall be final and conclusive; to it shall belong the power to determine the customs and usages in regard to all matters in relation to the fellowship of the craft."

That the resources of the International Union include monthly per capita tax levied on each member of all local unions and "All receipts from per capita tax, initiation fees, sale of supplies to local unions, and all other sources, not otherwise provided for, shall be placed in and become a part of the general fund of the International Union." That the president of the International Union has the right to investigate local unions to examine their books, receipts and other papers. "That the executive committee thereof shall have charge of all disputes between unions, and its decision shall be final." It shall have charge of issuing all charters to local unions, and the jurisdiction of local unions shall be that assigned to it by the International Union; that where there are local unions belonging to the International Union no more charters for local unions shall be granted without the consent of the local union already in existence, unless the general president finds it beneficial to the welfare of the organization to issue another charter. The constitution and general rules of the local unions are prescribed by the International Union. A printed copy of the constitution and general rules of the International Union, also a printed copy of the constitution of Local No. 1290, were attached and made a part of the petition as though fully pleaded.

It was further alleged that at all times mentioned herein plaintiff was a member in good standing of Local No. 590, which together with Local No. 570, did in the year 1938, at the direction of the International Union "consolidate and merge to form local union No. 1290 of the same organization and continued thereafter to operate as one organization in the place of two and assumed the assets and liabilities thereinbefore belonging to the two locals before the consolidation and merger." That by its constitution a local union cannot voluntarily surrender its charter; its jurisdiction is that assigned to it by the International Union.

That about April 4, 1937, plaintiff was installed as business agent of Local No. 590. His salary, beginning with the fiscal year of June, 1937, was fixed at $100 per week by the executive committee; that about December 1, 1937, it was agreed by plaintiff and the executive committee of the local union that his salary be reduced to $50 per week until such time as collections from the membership were sufficient to justify the payment of the larger sum; that beginning with September 28, 1937, and intermittently through the balance of the fiscal year, defendants failed to pay the full amount

of plaintiff's salary until by the end of the fiscal year they were indebted to the plaintiff in the sum of $1,814.40; that during all this time plaintiff performed all the duties of the office of business agent of Local No. 590 and his salary was due and payable each week; that his position as business agent terminated about June 4, 1938, since which time he has made several demands upon the defendants for payment of his salary, but they have failed, neglected and refused to pay; that as a part of the consideration of the consolidation and merger of local unions 570 and 590 to form Union No. 1290 the International Union and Local No. 1290 and the members of each and all of them, "acting under the authority and obligations set out in the constitution and bylaws and general rules of said organizations, assumed and agreed to pay the obligations of the local unions consolidated and merged into local union No. 1290. That the membership of said organizations are bound by the constitution, bylaws and general rules of said organizations and became obligated by virtue thereof for the acts of the officers and committees of said organization. That pursuant to said consolidation and merger, said local union No. 1290 did take over the assets of local unions 570 and 590, and has paid some of the obligations and liabilities existing against said locals 570 and 590." That under the constitution of the local unions the business representative shall receive as compensation such sum as is established by the local prior to his election or appointment, and the president, secretary-treasurer and recording and corresponding secretary shall pay such compensation so fixed. "That every member is charged with obedience to the laws of the local." That the constitution, bylaws and general rules governing local unions 570 and 590 were identical with those of Local No. 1290, all of which are prescribed by the International Union. That until recently it has been the practice of Local Union No. 1290, and of the members thereof, to permit the secretary-treasurer to control the moneys paid into the organization without requiring the same to be kept in a bank or other public depository. That the secretary-treasurer has not kept accurate and complete books or records, and inquiry is being directed into that matter. That because of this condition plaintiff believes if the moneys now on deposit in the bank, which have been restrained by plaintiff, are released the defendants would remove or dispose of the same, and any judgment rendered herein would be ineffectual; hence, that the payment of said money to defendant should be restrained by the court.

The prayer was for judgment against the defendants, and each of them, for $1,840, with interest and costs, and that the court restrain the payment to defendant of this sum until the final disposition of the suit.

The provisions of the constitution and general rules of the International Union and the similar document of Local No. 1290, attached as exhibits and by reference made a part of the petition, govern the rights of the parties to a large extent, notwithstanding some allegations of the petition in conflict with them. Those of the International Union show it is a voluntary association rather than a "corporation duly organized and existing under and by virtue of law," as alleged in the petition. We find no provision in either of them for the consolidation of locals. The constitution of Local No. 1290 recites that it "is created by charter from the" International Union and makes no mention of local No. 570 or No. 590, and says nothing about being a consolidation or merger of them. A local may surrender its charter unless ten of its members object, and the charter of a local may be forfeited by the International Union for its failure to pay dues or assessments, or for other reasons deemed sufficient. It is provided that when the charter of a local is surrendered or canceled its number is assigned to the next new local organized so that the numbers of the locals will run consecutively without intermissions. A new local may be organized in a territory where one exists if members of the existing one consent thereto, or if the president of the International Union gives his approval to the formation of the new one. The constitutions both of the International Union and Local No. 1290 make ample provision for the hearing and determination of any controversy arising between locals, or a member and a local, and the constitution of Local No. 1290 provides that any member who resorts to any court for the determination of such a controversy may be assessed the cost of such litigation and may be suspended or expelled. It is clear plaintiff had a forum within the organization to which he belonged for the settlement of the controversy he seeks to bring to the court. We find nothing in these instruments to justify the allegations of the petition that the International Union and Local No. 1290 "and the members of each and all of them, acting under the authority and obligations set out in the constitution and bylaws and general rules of said organizations, assumed and agreed to pay the obligations of the local unions consolidated and merged into Local Union No. 1290."

It is well settled in this state that where exhibits are attached and made a part of a petition the exhibits must be considered in determining the sufficiency of the petition. (See *State v. School District*, 34 Kan. 237, 241, 8 Pac. 208; *Walburn v. Chenault*, 43 Kan. 352, 23 Pac. 657.) And where a reply was filed it was said, in *Krehbiel v. Voth*, 140 Kan. 594, 597, 37 P. 2d 1022:

"The pleadings must all be considered together, the reply as well as the petition and the exhibit thereto attached. . . ."

Where the exhibit contains provisions contrary to those of the petition those of the exhibit are to be followed. (*Sharp v. McColm*, 79 Kan. 772, 101 Pac. 659.) In *Board of Education v. Shaw*, 15 Kan. 33, it was held that allegations in a pleading denying the legal import of a written contract, set out or attached to the petition as a part of it, will not be considered by the court.

Here, in considering the sufficiency of the petition as against a demurrer, we cannot give effect to allegations of the petition that the merger of locals Nos. 570 and 590 into Local No. 1290 was had in conformity to the constitution and rules of the International Union and of Local No. 1290, and that by doing so the International Union and Local No. 1290, and the members of each of them assumed and agreed to pay the obligations of locals No. 570 and No. 590, since the constitution and rules of the International Union and of Local No. 1290 contain no provisions to that effect. Neither can we give effect to other allegations of the petition in conflict with or not supported by the exhibits.

The claim of plaintiff is for unpaid salary as an officer of Local No. 590, of which he was a member. It is alleged the constitution and rules of local 590 were the same as those of Local No. 1290, copies of which are attached to and made a part of the petition. We find nothing in the constitution and rules of the International Union or of Local No. 1290 which indicates that any individual member of a local is financially liable for the salary of any of its officers, or for any of its other normal expenses, except as the member is required to pay fees, dues and assessments.

It is not alleged in the petition that any of the individual appellants was a member of local 590 at any time. It is the general rule that an individual member of an association is not liable for any class of the debts of the association incurred either before he became a member of the association or after he ceases to be such a member. (See 7 C. J. S. 75, 76; *Chastain v. Baxter*, 139 Kan. 381,

31 P. 2d 21, and authorities there cited.) The demurrer of the individual appellants to the third amended petition should have been sustained.

We think also the motion of the financial secretary and treasurer of Local No. 1290 to vacate and dissolve the restraining order previously issued, tying up funds of Local No. 1290, should have been sustained. It is well settled that an association of this character is without capacity to sue or to be sued in its own name in the absence of a statute authorizing such an action. We have no such statute in this state. Appellee concedes that to be the rule, but contends such an association may be sued in equity. This contention may be conceded. This is not a suit in equity, hence the rule contended for has no application. This point also was ruled in *Chastain v. Baxter*, supra. The petition is lacking in any allegation to the effect that any of the funds on hand at the time the restraining order was issued consisted of payments made by anyone who was a member of local 590 at the time plaintiff's claim was incurred.

In support of the ruling of the trial court appellee predicates his argument upon the allegations of his petition that the two locals, Nos. 570 and 590, were consolidated and merged into Local No. 1290 in the manner provided by the constitution and rules of the International Union and of Local No. 1290, and that the effect of this merger under such constitutions and rules was to make the International Union, Local No. 1290, and each and all of the members of each of those associations, personally liable for the obligation sought to be recovered. As we have heretofore seen, there is nothing in the constitution and rules of the International Union or of Local No. 1290 on which to base an allegation of this character or which justifies it.

From what has been said it necessarily follows that the judgment of the trial court must be reversed with directions to sustain the demurrer of the individual defendants to the third amended petition and to sustain the motion of the secretary-treasurer of Local No. 1290 to vacate and dissolve the restraining order previously issued by the court tying up the funds of Local No. 1290. It is so ordered.

Hoch, J., not participating.