No. 36,066

WORDIE WOOD, *Appellant*, v. THOMAS L. STEWART, *Appellee*, and ADA B. STEWART (*Defendant*).

(150 P. 2d 331)

Opinion filed July 8, 1944.

*Reginald H. Glandon,* of Kansas City, was on the briefs for the appellant.
*Charles H. Menghini,* of Pittsburg, appeared for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for an alleged breach of covenants of warranty in an assignment of an oil and gas lease.

The petition alleges that on August 22, 1939, Thomas L. Stewart, hereinafter referred to as defendant, and his wife Ada B. Stewart who is not involved in this appeal and will not for that reason be subsequently referred to, became the owners of a 240-acre oil and gas lease located in Vernon county, Missouri, the terms of which granted such lessees the right to assign their interest in whole or in part and required them to drill a well for oil or gas on the land described therein on or before August 22, 1940, or on failure so to do to pay rental at an annual rate of $240 payable quarterly. It then states that on January 1, 1941, the lessees executed an assignment whereby they sold and assigned to the plaintiff a part of their interest in such lease to the extent of 140 acres containing the producing oil wells. It further states that on such date plaintiff entered into possession of the 140-acre lease for a period of ten days and pumped oil therefrom after which a suit was filed to cancel and forfeit the lease for nonpayment of deferred rentals and nonperformance of agreements by the owners thereof and the leased property and personalty referred to were attached and taken over by the sheriff under proceedings instituted in the circuit court of Vernon county, Missouri. Such petition further alleges the defendant under the terms of the assignment had warranted his title and ownership to all property referred to therein and that all deferred rentals on the lease had been fully paid. It then charges breach of covenants of warranty of the assignment in that on September 21, 1941, defendant had not commenced a well as provided in the lease, had not paid deferred rentals then due in the sum of $50, was not the owner of the personalty described therein and had failed to defend his title

to and ownership of any of the property when notified of the pendency of the attachment action, with the result that in defending his interest the plaintiff had suffered loss and incurred expense amounting to more than $3,100.

What we have related is to be found in the body of the petition and a copy of the assignment which was made a part thereof. But that was not all. Attached to and made a part of such petition by the plaintiff was a copy of the judgment rendered on November 17, 1941, in the Missouri attachment proceeding. An understanding of the significance of this portion of the petition can be obtained from the language to be found therein, which we quote:

"The Court after hearing the evidence finds that the attachment herein should be dissolved and as between plaintiffs and defendant, Wordie Wood, all claims of every kind and character are waived, cancelled and settled.

"That court further finds that defendants, G. L. Barham, Thomas L. Stewart and W. E. Tate have no right, title or interest in the lease described in the petition and to the following described land situate in Vernon County, Missouri, to-wit:

"The East ½ of the N. W. ¼ and the West ½ of the N. W. ¼ of the N. E. ¼ and the S. W. ¼ of the N. E. ¼ of Section 28 Township 36 Range 33

"Nor any of the machinery, equipment or personal property thereon used or connected therewith.

"And the defendant, Wordie Wood, is the sole owner thereof and that said lease is valid and binding between plaintiffs and defendant Wordie Wood.

"Wherefore it is ordered and adjudged by the Court that the attachment herein be dissolved, and that all claims for damages between plaintiffs and defendant, Wordie Wood, be and are waived, settled and cancelled, and that defendants, G. L. Barham, Thomas L. Stewart, and W. E. Tate have no right, title or interest in the lease herein described or any machinery, equipment or personal property thereon used or connected therewith, and that defendant Wordie Wood is the sole owner thereof, and that said lease is valid and binding between plaintiffs and defendant Wordie Wood.

"It is further ordered that all costs herein be taxed against plaintiffs."

With the plaintiff's petition in the condition just related the defendant demurred thereto on the ground it did not state facts sufficient to constitute a cause of action for breach of covenants of warranty either express or implied. The trial court sustained the demurrer and the plaintiff then served notice of appeal and submits the propriety of such ruling for appellate review.

In our examination of the question raised by the appellant's sole specification of error wherein it is charged the trial court erred in sustaining the demurrer to the petition we have been without the benefit of a brief setting out the appellee's views and the appellant

has failed to indicate the reasons given by the trial court for its action. Either or both would have been helpful.

Preliminary to our discussion of other matters we recognize the force of our decisions holding that a sale of personal property in the seller's possession for a fair price implies an affirmation by him that the property is his own, and implies also a warranty of title by him unless the contrary is shown (*Paulsen v. Hall*, 39 Kan. 365, 18 Pac. 225), also that the sale and written assignment of an oil and gas lease, under terms and conditions containing a covenant that the assignor is the owner of such lease, implies a warranty of title to the lease in such assignor. (*Ratcliff v. Paul*, 114 Kan. 506, 220 Pac. 279, and *Daggett v. Four Hundred Oil Co.*, 119 Kan. 788, 241 Pac. 467.) For all purposes of this appeal they compel us to proceed on the assumption, and we do so, the covenants to be found in the assignment warranted title and ownership in the appellee as charged in the petition.

So, also, we take note of the general rule with respect to what constitutes a breach of a covenant of warranty found in 14 Am. Jur. 532, § 69, and 21 C. J. S. 976, § 111, where it is stated thus:

"In order to constitute a breach of the covenant of warranty the title or right under which the covenantee is evicted or to which he yields must be paramount and have been in existence at the date the warranty was made. A title or right is superior and paramount where it prevails in an action or is successfully asserted. Conversely, a covenantor ordinarily is not liable to the covenantee for damages sustained by the latter by reason of an unsuccessful attack upon his title by a third person, although it has been held that if the hostile title asserted is a legal title in fact outstanding against the grantee, but for equitable reasons not enforceable against him, he is entitled to recover from the covenantor the expenses incurred in defending his title. A covenantee who, voluntarily or without suit, yields to an alleged paramount title or claim assumes the risk of its turning out not to be so."

Turning now to consideration of the principal issue. At the outset it should be stated there are certain fundamental principles of law which must be applied in testing the sufficiency of a petition when attacked by a demurrer on the ground it fails to state facts sufficient to constitute a cause of action. One of them, as suggested by appellant and of which we are fully cognizant, is that the averments of the petition must be liberally construed in favor of the pleader. (See G. S. 1935, 60-736; *Downey v. Phillips*, 137 Kan. 326, 20 P. 2d 453; *Kirwin v. McIntosh*, 151 Kan. 289, 98 P. 2d 160, and *Owens v. Deutch*, 156 Kan. 779, 137 P. 2d 181.) Another is that on the trial of a case the whole of the pleadings are considered together

and where any two allegations of the same party are inconsistent with each other, the allegation most unfavorable to such party will be deemed to override the other. (*Board of Education v. Shaw,* 15 Kan. 33, and *Krehbiel v. Voth,* 140 Kan. 594, 598, 37 P. 2d 1022.) Still another, and equal in importance with those just referred to, is the doctrine announced in *Zane v. International Hod Carriers B. & C. L. Union,* 155 Kan. 87, 122 P. 2d 715, where it was held:

"Where one asserts a cause of action upon a written instrument or document attached to and made a part of his petition, and not alleged to be incorrect, allegations of the petition at variance with the provisions of the instrument or document, or not justified by it, cannot be considered by the court." (Syl. ¶ 1.)

To the same effect, although differently stated, is *Sharp v. Mc-Colm,* 79 Kan. 773, 101 Pac. 659.

With these pertinent rules in mind and giving each of them the force and effect to which they are entitled, can it be said the petition meets the test to which the demurrer subjects it? Our examination of the pleadings and the authorities convinces us the answer to the question must be in the negative. Notwithstanding, the allegations with respect to breach of the covenants of warranty to be found in the body of the petition, which standing alone might be sufficient under the rule of liberality in construction of pleadings, it contained the further and additional averments on which appellant relied to support his cause of action to be found in the copy of the Missouri judgment attached thereto as an exhibit. Once attached the recitals in that judgment became as much a part of the petition as any other allegations to be there found, and in fact, under our decisions, if contradictory to or at variance with allegations to be found in the petition proper took precedence over and controlled them. To give the heretofore quoted recitals of the judgment precedence impels but one conclusion, and that is, that at the end of the Missouri litigation, irrespective of what may have happened to the leasehold interest remaining in the appellee, the appellant wound up the litigation with a decree giving him full title, ownership and interest in and to everything that the appellee had sold to him under the assignment and a search of the recitals of the judgment and other portions of the petition fails to disclose any statement or allegation, either express or implied, justifying a construction that the title which the appellant obtained thereunder sprang from any source other than that emanating from the appellee's assignment or that so far as his retention of the title to property assigned to him by appellee was

concerned he was required to pay out anything in resisting rightful claims to it made by other persons. It may well be that he did but if so the judgment on which he relies for recovery is to the contrary and he is caught in a dilemma of his own choosing from which there is no escape at this stage of this proceeding. Having included in his petition recitals of a judgment which preclude recovery for an alleged breach of covenants of warranty under the assignment referred to therein the demurrer was properly sustained.

In passing we note appellant's contention that if the petition be held to be demurrable in other particulars the inclusion therein of a short paragraph to the effect that after rendition of the judgment referred to he again took possession of the property and found the personalty was not then on the lease and was not the appellee's property at the time of executing the assignment, is sufficient to compel a reversal of the judgment. The point is not well taken and requires little, if any, further discussion. Under all the circumstances disclosed by recitals in the petition and the exhibits the allegations of this paragraph fell far short of stating a cause of action.

The judgment is affirmed.