CHARLES R. THOMAS v. THE BOARD OF PHARMACY.

(Filed 20 April, 1910.)

1. **Pharmacist—Sale of Cocaine—Revocation of License—Authority of Board.**

   The provision of chapter 77, Laws 1907, as amended by chapter 713, Laws 1909, that the license of a pharmacist convicted of the unlawful sale of cocaine, etc., shall be revoked, leaves the board without authority to renew the license of a pharmacist so convicted upon the tender of the prescribed fee of $2.

2. **Same—Mandamus.**

   A *mandamus* will not lie to compel the Board of Pharmacy to renew the license of a pharmacist who has been convicted of the sale of cocaine, contrary to the provisions of the statute, to which license the board, for that reason, found he was not entitled.

HOKE, J., concurs in result.

APPEAL by plaintiff from *Biggs, J.,* at Spring Term, 1910, of DAVIDSON.

The facts are stated in the opinion of the Court.

*Emery E. Raper, B. W. Parham* for plaintiff.
*B. S. Royster* for defendant.

CLARK, C. J. Chapter 77, Laws 1907, as amended by chapter 713, Laws 1909, makes it unlawful for any person, firm or corporation to sell, furnish or give away cocaine, except upon prescription; and that any person who shall violate any provisions

of the said act shall be guilty of a misdemeanor, and upon conviction "shall be fined or imprisoned, in the discretion of the court, and if a licensed pharmacist, his license shall be revoked."

The plaintiff, after an examination by the Board of Pharmacy in 1901, had been duly licensed as a pharmacist, and on 1 September of each year thereafter, upon his application, his license had been renewed. Rev., 4484. On 16 August, 1909, the plaintiff was indicted in the Superior Court of Davidson in four several indictments for the unlawful sale of cocaine, and pleaded guilty at said term to all four indictments. On 1 September, 1909, he made application to the defendant board to renew his license, tendering payment of $2. This being refused, he brought this proceeding by *mandamus* to compel the defendant board to renew his license. Upon the above facts, which are uncontradicted, his Honor properly refused the writ.

By the very terms of the statute the conviction upon a plea of guilty was a revocation of the plaintiff's license. The board was therefore not authorized to accept the $2 and renew a license which had been revoked.

Whether the plaintiff could be reinstated upon an examination and a new license, or whether the revocation of his license was final unless and until the Legislature has prescribed some method by which a pharmacist whose license has been forfeited by a *conviction of crime* can be restored, is a matter not now before us. Upon conviction of felony, the right to vote is forfeited (*S. v. Jones,* 82 N. C., 685), and can only be restored in consequence of an act of the Legislature, and in a method therein prescribed. Rev., 2675-2680. But we need not pass on this point, as it is not presented.

By Rev., 4480 and 4481, an applicant for license who has passed his examination before the Board of Pharmacy and been granted a license, must apply on 1 September of each succeeding year for a renewal thereof, which is granted upon his payment of $2, "if the Board of Pharmacy shall find that the applicant is entitled to renewal thereof." Rev., 4484. Here the board, in view of the conviction, and the provision of law which makes the conviction a revocation of the license, found that he was not entitled, and properly refused to grant the renewal. The annual renewal would be a useless formality if the board were bound to grant it in all cases.

The selling of drugs is an important matter to the health and lives of the public. The Legislature has carefully guarded it, by the provisions to be found in Rev., 4471-4490. The sale of cocaine and other deleterious drugs is the subject of carefully

drawn provisions. The plaintiff knew that the violation of those provisions subjected him to fine and imprisonment in the discretion of the court, and to a revocation of his license, the latter not being discretionary, but the necessary result of his conviction. The evidence was so clear that the plaintiff pleaded guilty, and the facts found by his Honor show a case of great turpitude; yet the plaintiff in less than ten days thereafter applied for a license, and contends that the payment of $2 entitles him to resume the important business of selling drugs.

The judgment below is
Affirmed.

HOKE, J., concurring in result.