LOWELL M. COIL, APPELLANT, v. NEBRASKA STATE DEPARTMENT OF HEALTH ET AL., APPELLEES.

204 N. W. 167

Filed February 9, 1973. No. 38527.

Nelson, Harding, Marchetti, Leonard & Tate and Richard P. Nelson, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

This is an appeal purportedly under the provisions of section 84-917, R. R. S. 1943, to review a determination made by the Director of Health of the Department of Health of the State of Nebraska not to receive or file the application of Lowell M. Coil under the provisions of section 71-155, R. R. S. 1943, for reinstatement of a license to practice pharmacy in the State of Nebraska.

. Coil was convicted on February 7, 1964, in the federal district court of a violation of a statute of the United States prohibiting knowingly making false entries in narcotics records and was thereafter placed on probation. On July 28, 1966, following a hearing at which he was present, represented by counsel, and gave evidence, his license to practice pharmacy was revoked by the Director of Health under the provisions of section 71-147, R. R. S. 1943, on the grounds of his conviction of a felony which is one of the specific grounds mentioned in the statute. There was no appeal from this order of revocation.

Section 71-155, R. R. S. 1943, under which Coil seeks reinstatement provides in part as follows: "If such license is revoked, such revocation shall be for all times; Provided, that, at any time after the expiration of two years, application may be made for reinstatement of any licensee whose license shall have been revoked. Such application shall be addressed to the director, but may not be received or filed by him unless accompanied by a written recommendation of reinstatement by the board of examiners in the profession of the petitioner."

The record before us shows that the application for reinstatement was not accompanied by a recommendation for Coil's reinstatement, because after a hearing before the board of examiners at which he appeared and was represented by counsel and evidence was presented by both the applicant and the Department of

Health, the board of examiners not only refused to recommend reinstatement, but made a negative recommendation.

The action of the Director of Health in refusing to receive or file the application was therefore clearly in accordance with the mandate of the statute and was therefore correct and not subject to further review by us.

What we are apparently being asked to do here is to review the record before the board of examiners and then simply to direct it to either reconsider its action or to make an affirmative recommendation to the Director of Health, or perhaps to order the director to receive, file, and consider the application without an affirmative recommendation by the board of examiners. This latter course would clearly be a direct violation of the statutes. If we were to grant relief in accordance with either of the first two alternatives, we would have to meet the problem of whether the board of examiners is within our jurisdiction in this case and the members of the board parties to this action merely because they are part-time public officers which the Department of Health appoints and can remove for cause, but whose action the department cannot control. §§ 71-116, 71-118, 71-131, R. R. S. 1943.

The statutes in question make no provision for such review by any court. They provide for appeals only from the order of the director's revocation or suspension of the license. §§ 71-156, 71-159, R. R. S. 1943. These statutes obviously do not contemplate a review of the discretionary recommending power of the board of examiners. It is doubtful that the provisions for review of administrative action under the Administrative Procedures Act, Chapter 84, article 9, R. R. S. 1943, apply. The board of examiners is not an agency with rule-making power under section 84-901, R. R. S. 1943. See §§ 71-111 to 71-124.01, R. R. S. 1943. It would seem that the hearing before the board of examiners is there-

fore not a contested case within the meaning of sections 84-901, 84-915, and 84-917, R. R. S. 1943, to which the appeal provisions of section 84-917, R. R. S. 1943, are applicable, but since this issue has not been made or briefed by the parties we do not now expressly so hold, but will leave that for determination when and if the question arises in a later case.

We are convinced, however, and do hold that if we do have power to review, it is limited simply to a determination of whether the declination of the board of examiners to give an affirmative recommendation is arbitrary or capricious. Where, as here, the statute makes a recommendation by the board of examiners a condition precedent to consideration by the director of the application for reinstatement, it seems very clear that the intention of the Legislature was to make the board of examiners' action almost wholly discretionary. The very nature of the power of recommending implies this. Whether or not a former licensee should have his license reinstated would involve in many instances some judgment and expertise in the particular field of the licensee. Such judgment and expertise may be presumed to exist in the board of examiners. The legislative mandate is clear. It would indeed be incongruous if either the district court or this court were deemed to have the duty to review the board of examiners' action on the merits. Thomas v. Board of Pharmacy, 152 N. C. 373, 67 S. E. 925. Due process, it is clear, requires no such review. Brinkley v. Hassig, 83 F. 2d 351.

Our independent research disclosed no case involving review by the courts of a power of a professional examining board to recommend reinstatement after revocation for cause. As previously noted, what the petitioner in effect asks us to do is akin to the issuance of a writ of mandamus. The principles applicable to such a request for relief would seem to govern our action here. Under the language of section 71-155, R. R. S. 1943, as it pertains to reinstatement of a licensee after

revocation, it is certainly clear that we have no right to compel the discretionary power of this public board unless its action is arbitrary or capricious. State ex rel. Truax v. Burrows, 136 Neb. 691, 287 N. W. 178.

We have examined the proceedings before the board of examiners. The refusal of the board to recommend reinstatement cannot be classified as either arbitrary or capricious. Whatever may be the standards of review under section 71-159, R. R. S. 1943, or upon appeal under the Administrative Procedures Act, Chapter 84, article 9, R. R. S. 1943, they are deemed not to apply here except to the extent above set forth.

Coil, in his petition for review, complains that the action of the board of examiners making a negative recommendation is beyond its powers under the statutes and claims that this was the basis of the director's refusal to receive or file the application. In this we believe he is mistaken. The action of the director was founded upon the statutory language which prohibits him from receiving or filing the application and therefore from considering it unless the board of examiners makes an affirmative recommendation of reinstatement.

Assignments of error in this court do not include an attack on the constitutionality of the statutes. The view we have taken of this case makes it unnecessary to consider the assignments of error as made by the appellant Coil.

The order of the Director of Health declining to receive or file the application for reinstatement is affirmed.

AFFIRMED.